FANNIE CONIGLAND and others v. CHARLES S. SMITH, Adm'r.

*Right of Surviving Husband to Insurance Money Due Wife.*

Where a father insures his life for the benefit of his children, one of whom (a daughter) marries and dies without issue, the husband of the deceased daughter is entitled, as her administrator, to her share of the money arising from the policy of insurance upon the death of the father.

(*Chambers* v. *Payne,* 6 Jones Eq. 276 ; *Newkirk* v. *Hawes,* 5 Jones Eq. 265 ; *Myers* v. *Williams,* Ib. 362, cited and approved.)

CONTROVERSEY submitted without action under C. C. P. § 315 at Spring Term, 1878, of HALIFAX Superior Court, before *Seymour, J.*

On the 5th of February, 1869, Edward Conigland insured his life in the sum of $3000, and held a policy of insurance for that amount in which it was recited that the insurance was "for the benefit of his children." On said 5th of February, said Conigland had four children then living—the intestate of defendant and plaintiffs, who are the wards of Henry J. Hervey. In May, 1872, Mary, the said intestate, married the defendant Charles S. Smith, and died without issue on the 18th of October, 1875. The policy of insurance was continued in force until the death of said Conigland in December, 1877, he paying the annual premiums thereon as they fell due. In May, 1878, the insurance company paid the amount due under the policy,— $1908.81 to said guardian of plaintiffs and $636.27 to the

defendant, the said guardian and defendant administrator having been duly appointed to their respective offices and qualified for the discharge of their duties.

The guardian claims that by a proper construction of the policy, his wards are entitled to the amount paid to the defendant, and the defendant claims the same as administrator of his wife. His Honor being of opinion with plaintiffs gave judgment against the defendant for said sum, and the defendant appealed.

*Messrs. Gillam & Gatling* and *R. O. Burton, Jr.,* for plaintiffs.
*Mr. T. N. Hill,* for defendant.

RODMAN, J. When a father insures his life " for the benefit of his children," his manifest intention is to provide for them after his death ; it is a gift to his children to take effect in possession upon his death. To ascertain the meaning and effect of those words in prescribing the rights of the children *inter se* upon such a gift, it is natural and reasonable to apply to them the meaning and effect which they have been held to have in gifts by will where the purpose in view is the same.

It is settled by numerous decisions that upon a bequest to A for life, with remainder to the children of A, the children *in esse* at the death of the testator take vested estate, which open, however, and let in any after-born during the life of the life tenant. If any in being at the death of the testator die during the life tenancy, their shares being vested go to their personal representatives. *Chambers* v. *Payne,* 6 Jones, Eq., 276 ; *Newkirk* v. *Hawes,* 5 Jones, Eq., 265 ; *Myers* v. *Williams,* Ib. 362.

Regarding Conigland (the father and the assured) as being analogous to a testator, the gift is closely analogous and identical in principle with a gift to his children in

remainder after his life. The policy was a contract between the company and the assured; he might at his pleasure have forfeited or surrendered it, just as a testator may revoke his will while he lives, but the sum to be paid under it was a gift to his children which vested in interest when the policy was delivered, and the policy being in force at his death vested in possession then.

In this opinion we are supported by May on Insurance § 392 (page 477) and he cites *Chapin* v. *Fellows*, 36 Conn., 133; *Fraternal Mut. Life Ins. Co* v. *Applegate*, 7 Ohio, 292; *Gould* v. *Emerson*, 99 Mass., 154. We think the defendant is entitled to retain the money he received from the insurance company. Judgment below reversed and judgment for the defendant in this Court.

Error.                                                   Reversed.