DENNIS SIMMONS, Guardian, v. J. D. BIGGS, Adm'r.

*Insurance Money.*

Where a husband insures his life for the benefit of his wife and children, and the wife dies intestate, before her husband, leaving children, her interest, after payment of her debts, goes to the husband, and upon his death to his personal representative—affirming *Conigland* v. *Smith*, 79 N. C., 303, to the effect that, upon delivery of a policy, the sum to be paid under it vests in interest in the beneficiary.

This is a controversy submitted without action in compliance with § 567 *et seq* of *The Code,* and heard before *Philips,* J., at September Term, 1887, of MARTIN Superior Court, upon the following facts as a " case agreed."

" 1. Hardy W. Mizzell and Annie M., defendant's intestate, were married in the year 1866.

" 2. That during the life of the said Hardy W. Mizzell he took out the following policies of insurance on his own life in manner and form as follows : One for $3,000 in the

Ætna Life Insurance Company of New York, payable to his wife Annie M. and their children ; one for $328 in the aforenamed company, payable to his wife Annie M. and their children ; one for $135 in the aforenamed company, payable to his wife Annie M. and their children ; one in the Equitable Life Insurance Company of New York for $2,000, for the benefit of his wife Annie M. and her children ; one in the aforenamed Company for $3,000, for the benefit of his wife Annie M. and her surviving children ; one in the Knights of Honor Insurance Company for $2,000, for the benefit of his wife Annie M. and her children ; three several policies each for $1,000, in the Hartford Life Annuity Insurance Company, for the benefit of Annie M. his wife and their children equally.

" 3. That the said Hardy W. Mizzell and wife Annie M. had issue, the plaintiff's wards who survived them both.

" 4. That Annie M., the wife, died on the 14th of September, 1886, intestate, and letters of administration on her estate were granted to the defendant on the 4th day of January, 1887, none having been before granted ; that Hardy W. Mizzell, the husband, died on the 21st November, 1886, intestate, and letters of administration on his estate have been granted to defendant Biggs on the 19th February, 1887.

" 5. That the plaintiff has been duly appointed guardian of the children named.

" 6. That the defendant, administrator of Annie M. Mizzell, has received from the said insurance companies one third of the several amounts specified in said policies.

" 7. That the defendant's intestate owed no debts.

" 8. That the estate of Hardy W. Mizzell, the husband, is largely insolvent.

" 9. The plaintiff claims that, subject to his charge for commissions and expenses of administration, he is entitled to receive from the defendant the said fund for his said wards, as the distributees of the defendant's intestate Annie

M.　That he has demanded the same but the defendant refuses to pay or account with the plaintiff, insisting that the intestate Hardy W. Mizzell, the husband, is the sole distributee of Annie M., the wife, and that he shall hold and administer the same as assets of his estate.

" If upon the foregoing facts his Honor shall be of opinion with the plaintiff, then he is to sign judgment in his favor for ........ dollars; and if of opinion for the defendant, then he is to sign judgment in his favor for costs.

His Honor being of opinion with the defendant gave judgment accordingly, from which judgment the plaintiff appealed."

*Messrs. Batchelor & Devereux,* for the plaintiff.
*Mr. James E. Moore,* for the defendant.

DAVIS, J.　This case is in principle like that of *Conigland v. Smith,* 79 N. C., 303, and following the decision made in that case, there was no error in the judgment of the Court below.

Affirmed.