LANIER v. INSURANCE COMPANY.

(Filed September 11, 1906).

*Insurance—Surrender of Policy—Burden of Proof—Proofs of Loss—Evidence—Continuances.*

1. The refusal of a motion for a continuance is a matter in the sound discretion of the trial Judge, and is not reviewable, except, possibly, in a case of gross abuse of the discretionary power.

2. In an action on a policy of insurance issued by defendant upon the life of plaintiff's husband for her benefit, where the evidence shows that the policy was duly issued, that all premiums were promptly paid, that plaintiff kept it in her trunk, from which it mysteriously disappeared a short time prior to her husband's death, and was found later in defendant's possession, the Court was correct in instructing the jury upon the evidence, if believed, to find for the plaintiff.

3. Where a policy of insurance mysteriously disappeared from the possession of the beneficiary a short time prior to the insured's death, and was later found in the company's possession, and the latter alleged that the insured surrendered it, the burden was not upon the beneficiary to show that its possession was obtained by unlawful or fraudulent means, but the burden was upon the defendant to show how it came into possession of the policy.

4. The general rule is, that the beneficiary of an ordinary life-policy has a vested interest and acquires the entire property interest in the contract the moment the policy is executed and delivered.

5. Filing proofs of loss with defendant was unnecessary where defendant expressly denied the existence of any contract of insurance at the death of insured, and so wrote plaintiff in response to her application for blank proofs of loss, and declined to send them.

ACTION by Mary E. Lanier against The Eastern Life Insurance Company of America, heard by *Judge Walter H. Neal* and a jury, at the April Term, 1906, of the Superior Court of BEAUFORT.

This was an action to recover on a policy of insurance issued by defendant company (now called the Conservative Mutual Life Insurance Company) upon the life of John A. Lanier, for the benefit of and payable to Mary E. Lanier, his wife. The Court submitted the following issue: "Is defendant indebted to plaintiff, Mary E. Lanier, now Daniels; and if so, in what amount? Answer: Yes; nine hundred and eighty-two dollars and eighty-four cents ($982.84), and interest from 23 September, 1904."

From a judgment for the plaintiff, the defendant appealed.

*Nicholson & Daniel* and *Small & MacLean* for the plaintiff.
*Ward & Grimes* and *Bragaw & Harding* for the defendant.

BROWN, J. 1. The defendant moved upon affidavit for a continuance, which was refused. The Court set the trial for the "following Thursday," and defendant excepted. It has been repeatedly ruled that this is a matter within the sound discretion of the Superior Court, and is not reviewable. The

public interests require that it should remain so. It is possible that a case of such gross abuse of discretionary power upon the part of a trial Judge might be presented that this Court would review it, but the affidavits in the record disclose nothing of that sort in this case.

2. The question raised by the many exceptions of the defendant may all be considered under the contention presented by the 12th, viz.: "Upon all the evidence plaintiff is not entitled to recover." It is admitted in the answer that the defendant insured plaintiff's former husband, John A. Lanier, in the sum of $1,000, payable to plaintiff. It is in evidence that the plaintiff paid promptly all premiums up to death of insured on 27 June, 1904.

The plaintiff testified: "When I received the policy I put it in my trunk, and it stayed there until I missed it. I missed it about one and a half months before he died. When I missed it he was sick. He never recovered from that illness." There was also evidence to the effect that during the last illness of insured the general manager of defendant came to plaintiff's residence and asked her to surrender the policy and receipts for premiums, asserting that they were of no value to plaintiff, and that she refused to surrender them. There was evidence tending to prove that shortly after the death of insured the policy of insurance was found in the defendant's possession and that the general manager wrote the plaintiff that her husband had no insurance in force at his death and that "the policy of insurance carried by Mr. Lanier had been surrendered and cancelled on 30 April, 1904."

The defendant offered no evidence, and tendered the following issue, contending that before plaintiff can recover she must establish by affirmative proof the facts stated therein: "Did the defendant fraudulently and by improper and unlawful means obtain from the plaintiff and from the assured the possession of the policy of insurance declared on, without the consent of the assured, from John A. Lanier?"

The defendant bases its contention upon the following clause in the policy: "The insured may at any time during his lifetime, by deed of substitution or assignment, revoke the nomination of the beneficiary named herein and substitute another beneficiary, or may assign this policy, provided that copies of such deed are given the company at its home office in duplicate, one copy to be retained by the company and one to be attached to the policy with the endorsement of the company."

We think his Honor was correct in instructing the jury upon the evidence offered, if believed, to find for the plaintiff. The burden was not upon the plaintiff to establish the facts set out in the issue tendered by the defendant. The evidence showed that the policy was duly issued; that the premiums were promptly paid; that plaintiff kept it in her trunk and repeatedly refused to surrender it to defendant's agents, who during the last illness of the insured endeavored to induce plaintiff to do so. The defendant sets up in its answer, as a further defense, "that subsequent to the issuing of the said policy, the said John A. Lanier agreed to deliver and surrender the said policy to the defendant and to cancel the same upon return of the premiums paid thereon; that pursuant to the said agreement the said John A. Lanier received the said premiums from the Eastern Life Insurance Company of America and delivered the policy to the said company and agreed that the said policy should be cancelled; that the said policy was cancelled by the said company, and thereupon became void."

The evidence tends to prove that at the time defendant's agents called upon plaintiff and requested her to surrender the policy and told her it was worthless, her husband was on his death-bed, and that he never left it alive, and that then the policy was safely locked up in plaintiff's trunk. How it came into defendant's possession is a mystery which the de-

142—2

fendant, not the plaintiff, is called upon to explain. The facts were peculiarly within the knowledge of the defendant's officers and agents. As plaintiff was ignorant of them, how could she explain them? She made out a *prima facie* case when she proved the issuance of the policy for her benefit, the possession of it by her, the removal of it without her knowledge, the payment of the premiums, and the death of the insured. Filing proofs of loss with defendant was unnecessary, as defendant expressly denied the existence of any contract of insurance at death of insured, and so wrote plaintiff in response to her application for blank proofs of loss, and declined to send them.

The general rule is, that the beneficiary of an ordinary life-policy has a vested interest and acquires the entire property interest in the contract the moment the policy is executed and delivered. Bacon on Benefit Societies and Life Insurance, sec. 292; May on Insurance' (3 Ed.), sec. 399; *National Bank v. Hume,* 128 U. S., 195; *Millard v. Brayton,* 52 L. R. A., at p. 119.

The terms of the policy constitute a contract of the company to pay the specified amount to the beneficiary, and create direct legal relations between them. *Hooker v. Sugg,* 102 N. C., 115; *Simmons v. Biggs,* 99 N. C., 236.

Under the terms of the policy sued on, plaintiff had such an interest as entitled her to recover upon the death of the insured if the premiums had been paid and the policy was otherwise in force, unless the defendant company could show it had been lawfully surrendered by her consent, or that the insured had duly and legally exercised the power reserved in the clause quoted, entitled "Change of Beneficiary."

There is not one scintilla of evidence that Lanier at any time during his lifetime, by deed of substitution or assignment, revoked the nomination of plaintiff as his beneficiary and substituted another in her place. There is no evidence

that Lanier assigned the policy to any one, or that he knew how or when it left the possession of plaintiff. To successfully resist a recovery upon such ground the burden of proof is on defendant to show a strict compliance by the insured with the provisions of such clause in the policy before the rights of the plaintiff could be divested without her consent. No evidence having been offered upon the part of defendant, the instruction given by the Court was justified.

Upon an examination of the entire record we find

No Error.