## In re PITTMAN.

(District Court, E. D. North Carolina.   September 26, 1921.)

1. **Bankruptcy ⬀396(3) —Trustee held to have no interest in insurance policy payable to wife.**

   Under Const. N. C. art. 10, § 7, providing that a husband may insure his life for the benefit of his wife and that the amount of the policy on his death shall be paid over to the wife and children free from all claims of his creditors, a trustee has no interest in a policy on the life of the bankrupt payable to his wife, though it reserves to the bankrupt the right to change the beneficiary, which right he had not exercised at the time of the bankruptcy.

2. **Bankruptcy ⬀143(12) —Insured's right to change beneficiary not "property" capable of transfer.**

   The right of a bankrupt to change the beneficiary in an insurance policy is a personal privilege, and not "property" which he may transfer within the meaning of the Bankruptcy Act (Comp. St. §§ 9585–9656).

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

In Bankruptcy.   In the matter of S. B. Pittman, bankrupt.   On petition of trustee for review of order of referee.   Affirmed.

See, also, 275 Fed. 681.

W. O. Howard and James Pender, both of Tarboro, N. C., for Bridgers.

Lyn Bond, of Tarboro, N. C., for trustee.

CONNOR, District Judge.   This cause came on for hearing upon the petition for review filed by the trustee in regard to the policies of insurance on the life of the bankrupt and the findings of fact by the referee, and was argued by counsel for the trustee and the bankrupt.

[1] It is conceded that, under the provisions of article 10, § 7, of the Constitution of North Carolina, the husband may insure his life for the benefit of his wife and that the amount of the policy, upon his death, shall be paid over to the wife and children free from all claims of his creditors.   The trustee contends that because of the provision contained in the policy by which the husband may, at any time during his life, change the beneficiary, the wife's right is contingent upon his failing to do so, and that this reserved right or privilege retained by the husband deprives her, as against his creditors, of the protection conferred by the Constitution.

[2] If it be conceded, as held in Lanier v. Insurance Co., 142 N. C. 14, 54 S. E. 786, that the wife's right is contingent upon the failure of the husband to exercise the option, it is manifest that until he does so the wife's interest is fixed by the terms of the policy.   The right to change the beneficiary is a personal privilege and not subject to be controlled by any other person or by any court.   It is difficult to perceive what power this court has to make, or enforce, an order controlling the exercise of the option, which is reserved to the bankrupt to change the beneficiary from his wife to the trustee.   The right is not "property" which he may transfer within the meaning of the Bankrupt Act (Comp. St. §§ 9585–9656).   Unless the beneficiary is changed the in-

surance company would not be justified, or protected, in paying the surrender value of the policies to the trustee. Neither the wife nor the company would be bound by an order made in this cause.

It is well settled that the Bankrupt Act secures to the bankrupt the exemptions allowed him by the state Constitution and statutes, and this provision has been held to apply to policies of insurance on the life of the bankrupt for the benefit of his wife. Holden v. Stratton, 198 U. S. 203, 25 Sup. Ct. 656, 49 L. Ed. 1018.

In the absence of any decided case in which the question presented here is involved, resort must be had to the reason of the thing and such decisions as have been made in other jurisdictions.

The industrious counsel for the trustee cites, for the purpose of maintaining his contention, In re Diack (D. C.) 100 Fed. 770. It will be observed that there the bankrupt had an interest in the proceeds of the policy. It was an endowment policy, payable at maturity to the bankrupt if living, and, if dead, to his wife and children. The court held that he should be compelled to transfer to the trustee his interest in the policy. District Judge Brown, in his "Additional Opinion" (100 Fed. 774), notes the distinction between the instant case and those cited in which "the policy was in express terms for the sole benefit of the wife and her children, * * * whereas in the present case the policy by its terms is mainly for the individual benefit of the bankrupt." The question presented here was not involved in that case.

In Re Herr (D. C.) 182 Fed. 716, the facts were in substantial respects different from those found here. The district judge, conceding that the decisions of the federal courts were not uniform, held that the trustee was entitled to the surrender value of the policy. In Re Booss (D. C.) 154 Fed. 494, the court held that the trustee was not entitled to the surrender value.

In Re Johnson (D. C. Minn.) 176 Fed. 591, the relevant facts are, in all respects, the same as here. The Minnesota statute is the same as the Constitution of North Carolina in respect to the right of the husband to insure his life for the benefit of his wife. The trustee claimed the surrender value, the husband not having exercised the right reserved in the policy to change the beneficiary.

Willard, Judge, said:

"If it were not for the provision contained in the policy giving the insured a right to change the beneficiary, there could be no doubt that it would come within the terms of section 1691. The doubt, if there be any, arises from the existence of this right on the part of the bankrupt."

After noting that there had been no decision of the question by the Supreme Court of Minnesota, the learned judge said:

"The rights of the trustee are fixed as of the date of the adjudication. When the rights of the trustee in this proceeding were thus fixed, the beneficiary named in this policy was the wife. The insurance was then for her benefit, and in my opinion it should be held exempt from the claims of the bankrupt's creditors by virtue of the provisions of section 1691."

This case is on "all fours" with the instant case. In Allen v. Central Wis. Trust Co., 143 Wis. 381, 127 N. W. 1003, 139 Am. St. Rep. 1107, 25 Am. Bankr. Rep. 126, the court said:

"It is further claimed that, inasmuch as the insured reserved the right to change the beneficiary, he may yet do so, and convert the policy into property which may pass to the trustee. Conceding, but not deciding, that he still has the right to change the beneficiary, and assuming that he may do so, yet it is not easy to perceive upon what ground it can be claimed that the trustee is at all concerned with what may afterwards become of exempt property. The trustee is vested with the title to the property of the bankrupt, if at all, as of the date he was adjudged a bankrupt."

I concur in the reasoning upon which these decisions are made. In the cases to which my attention is called, or which I find, there are differentiating facts, as in Re White, 174 Fed. 333, 98 C. C. A. 205, 26 L. R. A. (N. S.) 451, the policy was for the benefit of the wife, if she survived the husband, otherwise to the husband or any beneficiary named by him.

The court, after quoting the New York statute, said:

"It is quite plain that the policies referred to are such as are the absolute property of a married woman or her children."

An examination of the statute discloses an essential difference from the provisions of the Constitution of this state. The different results reached in decided cases may be explained by the difference in the state statutes, or the facts in the cases.

The constitutional provision securing to the wife the benefit of a policy of insurance upon the life of her husband, free from the claims of his creditors, is found in the article of the Constitution providing for "Homesteads and Exemptions," which in all of its provisions has uniformly been construed, by the Supreme Court, liberally for the purpose of effectuating the beneficent purpose and wise policy of the people, to secure to the husband while living, and his widow when he dies, a reasonable provision against misfortune, resulting in insolvency. The husband, in paying the premium, did no wrong to his creditors and, not having exercised his right to change the beneficiary, must be assumed to intend that in the event of his death, his widow shall have the protection which the Constitution secures to her by receiving the proceeds of the policies.

The judgment of the referee is affirmed.