HENRIETTA WILSON, Administratrix of ERNEST W. JOHNSON, Deceased, HENRIETTA WILSON, Executrix of CHARITY MURPHY, v. HANNAH WILLIAMS, SIMONETTA PICKETT, JANIE BELL, and ANNIE FRANKS.

(Filed 12 April, 1939.)

**1. Trusts § 15—**

Where one person furnishes the consideration for land, but title is taken in the name of another, a resulting trust is engrafted upon the title in favor of the person furnishing the purchase price, in the absence of an intention to the contrary or a repugnant presumption of law.

**2. Trusts § 18d: Frauds, Statute of, § 12—**

Resulting trusts, which arise by operation of law, do not come within the statute of frauds, and may be proved by parol evidence.

**3. Trusts § 18c—**

A resulting trust must be established by clear, cogent, and convincing proof.

**4. Trusts § 18e—Evidence held sufficient for jury on counterclaim to establish resulting trust.**

Evidence that defendant furnished the purchase price for the *locus in quo* and gave same to another to purchase the property for her, that such other took title in his own name, and that thereafter plaintiff furnished money for the construction of a dwelling on the land, *is held* sufficient to be submitted to the jury on defendant's counterclaim to establish a resulting trust against the property, the convincing character of the evidence being for the jury.

**5. Appeal and Error § 6e—**

An objection to the admission of evidence *en masse* is insufficient, it being required that appellant point out the evidence objected to.

**6. Trusts § 18d: Evidence § 32—**

Upon counterclaim to establish a resulting trust against the estate of a decedent, testimony of disinterested witnesses as to declarations made by decedent tending to establish that defendant furnished the purchase price for the property is relevant and admissible.

**7. Appeal and Error § 29—**

Exceptions which are not set out and discussed in appellant's brief are deemed abandoned. Rules of Practice in the Supreme Court, No. 28.

**8. Insurance § 36a—**

Ordinarily, the beneficiary named in a life insurance policy has a vested interest therein which may not be destroyed without her consent in the absence of conditions or stipulations to the contrary.

**9. Same: Descent and Distribution § 5—Where wife predeceases husband without surviving children, husband's estate is entitled to proceeds of policy on his life in which she was named beneficiary.**

Insured named his wife as beneficiary in policies of insurance on his life. The wife predeceased him. There were no children born to the

marriage. *Held:* Upon the wife's death the husband was entitled to the wife's vested interest in the policies, even before reducing same to possession by administration, C. S., 7, the provision of this statute not having been modified by C. S., 137 (8) in cases in which there are no surviving children, and upon the husband's death his heirs are entitled to the distribution of the proceeds of the policies.

APPEAL by plaintiffs from *Williams, J.,* at January-February Term, 1939, of CRAVEN.

Civil action for recovery of personal assets of the estate of Ernest W. Johnson, and of certain lands conveyed by deed to him, alleged to be wrongfully withheld by defendants, and for order directing proper distribution of personal assets and of proper disposition of proceeds of certain life insurance policies. Defendant Williams files cross action to declare that Ernest W. Johnson held said land as trustee for her under alleged resulting trust.

The record discloses that plaintiff Henrietta Wilson is the duly qualified administratrix of the estate of Ernest W. Johnson, who died intestate, 11 January, 1937, resident of Craven County, North Carolina; that she and Charity Murphy individually joined as plaintiffs in the institution of this action; that pending the action Charity Murphy died leaving a last will and testament in which she named Henrietta Wilson as executrix and, with others, beneficiary thereunder; and that Henrietta Wilson as such executrix became a party plaintiff in place of Charity Murphy.

Plaintiffs alleged that Ernest W. Johnson died seized and possessed of a certain lot of land situated and designated as No. 39 Green Street in the city of New Bern, N. C., leaving as his only heirs at law his sisters, the plaintiffs, Henrietta Wilson and Charity Murphy; that at the time of his death the defendants were residing with him in his residence on said lot, and that they have continued to reside there, and refuse to surrender possession.

Defendants deny that Henrietta Wilson is a sister of, or is of any kin to Ernest W. Johnson. Defendant Hannah Williams, while admitting possession of the lot in question, and that it was conveyed to Ernest W. Johnson by deed from her nieces who live in New York, denies that he was seized of same except in the capacity of trustee for her. In cross action and for affirmative relief, she avers that she furnished "the consideration paid for said deed and entrusted it to Ernest W. Johnson to be paid to the grantors with direction to have the deed made conveying the title to said defendant Hannah Williams, and thought it was so made until the night after the death of Ernest W. Johnson," and that "she furnished in addition to the amount paid for the lot at least $500 toward construction of the residence on the same  .  .  ."

On trial below defendant Hannah Williams, over defendant's objection, offered evidence tending to show that she negotiated with her nieces, who are now living, for the purchase of the lot, and agreed with them on the purchase price of $200; that the deed was thereafter made; that she furnished the money to buy the lot; that a dwelling was built on the lot with her money; and that she and her mother and Ernest W. Johnson and his wife, Nellie, who was her first cousin, all lived in the house. The court, over defendant's objection, admitted the further testimony of several disinterested witnesses as to conversations with Ernest W. Johnson in which he made statements that Hannah Williams suggested, "Let's buy a place and build somewhere"; that she gave him the money to buy a lot; that she furnished the money to buy the lot; that "her money built this house," and other statements of similar intendment. Plaintiffs object to part of the evidence *en masse,* and to parts specifically, for that same has no bearing on the question of parol trust, and on the question as to whether Ernest W. Johnson agreed to hold the property in trust.

The court below overruled motion of plaintiffs for judgment as in case of nonsuit on the cross action of defendant Hannah Williams. Exception.

The plaintiffs, in their contention that he took as the beneficial owner rather than as trustee, relied on the record of the deed to Ernest W. Johnson and upon his acts and conduct in connection with control over and possession of the lot and mortgaging it.

Plaintiffs further allege that Ernest W. Johnson, at the time of his death, owned and possessed certain personal property, which defendants wrongfully withhold. Plaintiffs further allege that at the time of his death he was carrying certain insurance policies in each of which his wife, Nellie Johnson, who predeceased him, was named as beneficiary.

As to these allegations the parties stipulated in open court that upon answers to issues submitted to the jury and admissions and agreed facts, the court should determine to whom the personal property should be distributed, and the proceeds of the insurance policies paid; but that the question of ownership of the personal property seized under claim and delivery in this action should be referred to L. E. Lancaster, as referee.

Thereupon, the following issues were submitted to and answered by the jury:

"1. Is the plaintiff Henrietta Wilson an heir at law of Ernest W. Johnson, deceased? Answer: 'No.'

"2. Was the plaintiff Charity Murphy at the time of her death an heir at law of Ernest W. Johnson, deceased? Answer: 'Yes.'

"3. Did Ernest W. Johnson take and hold title to the property described in the conveyance from Katherine Hammond and others to him,

dated June 11, 1924, and registered in Book 309, page 557, office of the register of deeds of Craven County, in trust for the use and benefit of Hannah Williams? Answer: 'Yes.'"

The parties in open court agreed upon these facts, *inter alia,* with respect to question as to who is entitled to the proceeds of the life insurance policies:

"That Nellie Johnson, his wife, was named as beneficiary in each of said policies; that Nellie Johnson died on the 31st day of May, 1932; that there has been no change in the name of the beneficiary between the dates of the death of said Nellie Johnson and said Ernest W. Johnson. That no child has been born as issue of said Ernest W. Johnson and said Nellie Johnson." The evidence shows that Nellie Johnson was first cousin of defendant Hannah Williams.

The court below "on said stipulations and the verdict and certain admissions" . . . adjudged (1) "That the plaintiffs and the beneficiaries under the will of Charity Murphy are the owners of the personal estate left by Ernest W. Johnson, including one-half of the insurance money collected as administratrix of Ernest W. Johnson on the life of Ernest W. Johnson payable to Nellie Johnson, set forth in the stipulation filed, and one-half of the personal property that shall be awarded to the estate of Nellie Johnson by L. E. Lancaster, referee, under the stipulations filed, and that the nearest of kin of Nellie Johnson, including defendant Hannah Williams, are entitled to one-half of the personal estate of Nellie Johnson, including one-half of the insurance collected by the administratrix of Ernest W. Johnson, as set out in the stipulation and one-half of the furniture that shall be awarded or found to have belonged to Nellie Johnson at the time of her death," and

(2) That defendant Hannah Williams is the owner in fee simple and entitled to remain in possession of the land in question, described with certainty.

From the judgment plaintiffs appeal to the Supreme Court, and assign error.

*Henry P. Whitehurst and Charles L. Abernethy, Jr., for plaintiff, appellant.*

*Ward & Ward and R. O'Hara for defendants, appellees.*

WINBORNE, J. Two questions arise on this appeal:

1. Is there sufficient evidence of a resulting trust for submission of the case to the jury? We hold that there is.

"It is a well established principle that where, upon a purchase of property, the conveyance of the legal title is taken in the name of one person while the consideration is given or paid by another, at the same

time or previously, and as a part of the same transaction, the parties being strangers to each other, a resulting trust immediately arises from the transaction, and the person named in the conveyance will be a trustee for the party from whom the consideration proceeds," *Shepherd, C. J.,* in *Summers v. Moore,* 113 N. C., 394, 18 S. E., 712; *Gorrell v. Alspaugh,* 120 N. C., 362, 27 S. E., 85; *Norton v. McDevitt,* 122 N. C., 755, 30 S. E., 24; *Harris v. Harris,* 178 N. C., 7, 100 S. E., 125; *Tire Co. v. Lester,* 190 N. C., 411, 130 S. E., 45; *Furniture Co. v. Cole,* 207 N. C., 840, 178 S. E., 579; *Jackson v. Thompson,* 214 N. C., 539, 200 S. E., 16, and other cases.

In *Tire Co. v. Lester, supra, Varser, J.,* paraphrases: "The payment of the purchase money raises a resulting trust in favor of him who 'furnishes' or 'pays' or 'owns' the purchase money, unless a contrary intention or a contrary presumption of law prevents."

Resulting trusts, arising by operation of law, do not come within the statute of frauds and may be proved by parol evidence. Such trusts are in this State generally known as parol trusts. *Gorrell v. Alspaugh, supra.* In order to establish a resulting trust, the proof must be clear, cogent and convincing. *Avery v. Stewart,* 136 N. C., 426, 48 S. E., 775; *Tire Co. v. Lester, supra; Peterson v. Taylor,* 203 N. C., 673, 166 S. E., 800, and cases therein cited.

In *Avery v. Stewart, supra,* the Court said: "It is not for the judge to pass upon the intensity of the proof. That is a matter which lies solely within the province of the jury. . . . The jury should be instructed, to be sure, that the evidence must be clear and satisfactory in cases to which that principle applies, but it is for the jury to say whether the evidence is of that convincing character."

In the present case, applying these principles, we are of opinion that the third issue was fairly presented to the jury under a charge in which applicable principles of law were clearly and plainly declared. The court properly placed the burden of proof as to the issue upon the defendant Hannah Williams. The evidence as to the payment by her of the purchase price of the lot in question and the taking of title in the name of Ernest W. Johnson, as parts of the same transaction, was amply sufficient to be submitted for the consideration of the jury. The intensity of the evidence and its convincing character were for the jury. The facts relied upon, *dehors* the deed, are sufficient to authorize the finding in favor of the resulting trust.

In this phase of the appeal it is not inappropriate to note that some of the plaintiff's objections to testimony are to portions of the evidence *en masse.* If there be part which is objectionable, plaintiff should point it out. This is the firmly established rule. Exceptions to all of it will not be sustained. *S. v. Ledford,* 133 N. C., 714, 45 S. E., 944; *Nance*

*v. Telegraph Co.,* 177 N. C., 313, 98 S. E., 838; *Harris v. Harris, supra; Singleton v. Roebuck,* 178 N. C., 201, 100 S. E., 313; *Kennedy v. Trust Co.,* 180 N. C., 225, 104 S. E., 464. It will be observed, however, that much of testimony so objected to is clearly admissible and pertinent, and that none of it is prejudicial.

We call attention to that portion of Rule 28 of Rules of Practice in the Supreme Court, 213 N. C., 808, which provides that—"Exceptions in the record not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."

2. Where wife, who is beneficiary under policy of insurance on life of husband, predeceases him, intestate, leaving next of kin, but no child or representative of deceased child, surviving, and there having been no change in beneficiary and no disposition by her of her interest in the policy, who is entitled to the insurance money paid upon death of insured husband? Under similar conditions, does the same rule apply as to other personal property?

"It is the recognized general rule that, in the absence of stipulation or condition affecting it, the beneficiary designated as such in an ordinary life policy . . . has a vested interest therein which cannot be destroyed or altered without his consent, . . .," *Hoke, J.,* in *Walser v. Ins. Co.,* 175 N. C., 350, 95 S. E., 54; *Conigland v. Smith,* 79 N. C., 303, as modified by *Hooker v. Sugg,* 102 N. C., 115, 8 S. E., 919; *Lanier v. Ins. Co.,* 142 N. C., 14, 54 S. E., 786; *Wooten v. Odd Fellows,* 176 N. C., 52, 96 S. E., 654; *Lockhart v. Ins. Co.,* 193 N. C., 8, 136 S. E., 243; *Parker v. Potter,* 200 N. C., 348, 157 S. E., 68; *Russell v. Owen,* 203 N. C., 262, 165 S. E., 687; *Fertilizer Co. v. Godley,* 204 N. C., 243, 167 S. E., 816.

In the instant case the vested interest of the wife as beneficiary was not destroyed or altered and at the maturity of the policy remained a personal asset of her estate, which the administrator of the husband was entitled to receive as other personal property subject to the provision of C. S., 7.

Section 7 of Consolidated Statutes of 1919 provides: "If any married woman dies wholly or partially intestate, the surviving husband shall be entitled to administer on her personal estate and shall hold the same, subject to the claims of her creditors and others having rightful demands against her, to his own use, except as hereinafter provided. If the husband dies after his wife, but before administering, his executor or administrator or assignee shall receive the personal property of the said wife, as a part of the estate of the husband, subject as aforesaid, and except as provided by law."

This statute is codification of an act passed by the General Assembly at its session 1871-72, chapter 193, section 32.

In *Wooten v. Wooten,* 123 N. C., 219, 31 S. E., 491, speaking to this statute, the Court said : "This changed (the) rule of common law, which was that personalty of the wife did not go to the husband when he died without having reduced it to possession by administration.   And further, in conformity to this change, it devolves the right of administering upon the wife's estate upon the executor or administrator of the husband *ex officio."*

After the enactment of this statute, two cases, pertinent to the question involved in the case at bar, were decided in this Court : *Conigland v. Smith, supra* (1878), and *Simmons v. Biggs,* 99 N. C., 236, 5 S. E., 235 (1887).

In the former it is held that where a father insures his life for the benefit of his children, one of whom, a daughter, marries and dies before her father, without issue, the husband of the deceased daughter is entitled as her administrator to her share of the money arising from the policy of insurance upon the death of the father.

In the latter, the Court held that where a husband insures his life for the benefit of his wife and children and the wife dies intestate before her husband, leaving children, her interest after the payment of her debts would go to the husband, if living, as sole distributee, but he being dead, his personal representative shall hold and administer the same as an asset of his estate.

These two cases were decided prior to the enactment of chapter 166, Public Laws 1913, as amended by chapter 37, Public Laws 1915, and by chapter 54, Public Laws 1921—C. S., 137 (8)—in which, in effect, the General Assembly modified the provisions of section 7 of the Consolidated Statutes of 1919 in cases where a married woman dies intestate leaving husband and child or representative of deceased child.   But, there has been no modification of the section in cases where a married woman dies intestate, leaving husband, but neither child nor representative of deceased child.

Applying these principles to the case in hand, there is error in the judgment below and the same should be, and is hereby, modified in accordance with this opinion.

The judgment below as here modified is affirmed.

Modified and affirmed.