· [No. 4980.]

The National Bank of Commerce in Denver v. The Appel Clothing Company et al.

**1. Life Insurance—Creditors' Bill.**

Without deciding whether or not a policy of insurance issued on the life of a debtor payable to a beneficiary in case of death of insured, but which promises to pay the insured a certain sum of money if he survives a certain period of time, and which has a surrender value that the insured can obtain by surrendering the policy to the company without the consent of the beneficiary, is an asset of the insured which can be reached by his creditors, if it can be reached, in order to do so the creditor seeking to subject such policy to his claim must make a case both by his pleading and proof that would entitle him to subject property of his debtor not reachable on execution to the payment of his debt.

**2. Life Insurance—Creditors' Bill—Pleading.**

In a proceeding by creditors' bill to subject a policy of life insurance payable to a beneficiary on the death of insured, but which has a surrender value to the insured, to the payment of the debts of the insured, a complaint which does not allege that the insured was insolvent at the time the policy was issued or assigned to the beneficiary, nor that the indebtedness sought

to be enforced against the policy existed at the time it was issued, nor that the insured was indebted to other parties, nor that the policy was taken out or assigned to the beneficiary with a view to the creation of future obligations, and which alleges no fraud on the part of either the insured or beneficiary, is insufficient to invoke the equitable relief sought.

**3.   Life Insurance—Creditors' Bill—Practice.**

If a life insurance policy in which a beneficiary has an interest is subject to the debts of the insured, a proceeding by creditors' bill to subject such policy to said debts must be governed by the same rules that prevail in creditors' suits against other kinds of property, and before a court of equity would be authorized to compel the surrender of such policy and apply the proceeds to the debts of the insured it must be alleged and proved that debts existed at the time of issuing or assigning the policy to the beneficiary or that it was issued or assigned with a view of contracting future indebtedness.

*Appeal from the District Court of Arapahoe County:*
*Hon. Calvin P. Butler, Judge.*

The purpose of this action, commenced by appellant as plaintiff in the court below, is to subject certain life insurance policies issued upon the lives of debtors of the plaintiff to the payment of a judgment in favor of the plaintiff and against such debtors. The material averments of the bill necessary to consider are to the effect that these policies provided for the payment of certain sums of money to the insured within specified periods, but in the event of their death before the expiration of such periods then certain sums would be paid the wife or daughters of each debtor, and that these policies, by virtue of their terms, had certain values which could be obtained from the companies issuing them upon the surrender thereof without the consent of the beneficiaries. To this action the judgment debtors, beneficiaries and insurance companies were made parties defendant. A general demurrer was interposed to the complaint, which was overruled. Thereafter

answers were filed and a trial had on the issues made. The policies were issued or assignments thereof made prior to the rendition of plaintiff's judgment. It is claimed on behalf of plaintiff that these policies either by their express terms or under the terms of the assignments vest the insured with full authority to change the beneficiaries without their consent. Judgment was rendered in favor of the defendants, from which the plaintiff appeals.

Mr. H. S. Silverstein and Mr. T. J. O'Donnell, for appellant.

Mr. D. V. Burns, Mr. M. B. Carpenter, Messrs. Talbot, Denison & Wadley and Messrs. Muller & Summerfield, for appellees.

Chief Justice Gabbert delivered the opinion of the court.

Counsel for plaintiff say that this action is in the nature of a creditors' bill. Their theory upon which they claim this action can be maintained is that where a debtor takes out a policy of life insurance upon his own life by the terms of which, should he survive a certain definite period, the company undertakes to pay him a certain sum of money, with the contingency that upon the death of the insured during this period the company will in that event pay certain sums of money to a beneficiary named in the policy or by assignment, and where such policy by its terms has a value which the insured can obtain by surrender of the policy without the consent of the beneficiary, that such a policy is an asset of the insured which can be reached by his creditors. In other words, they claim that what he, himself, may do under such a policy a court of equity will compel him to do for the benefit of his creditors. This suit being in the nature of a creditors' bill, the elements necessary to maintain it must be present. Conced-

ing, but not deciding, that the contention of counsel for plaintiff is correct in the abstract, a case must be made both in the complaint and by proof which would entitle a creditor to subject the property of his debtor not reachable on execution to the payment of his debts. There is no averment in the complaint to the effect that when these policies were issued or the assignments thereof made to the beneficiaries that the insured, who are now the judgment debtors, were insolvent, or that the indebtedness which forms the basis of the judgment existed at either of these times or that the insured were indebted to other parties or that the policies were taken out or assigned to the beneficiaries with a view to the creation of future obligations. In short, there is no averment of fraud whatever on the part either of the insured or the beneficiaries. The fact that the property sought to be subjected to the payment ·of the debts of the insured is represented by life insurance policies in which beneficiaries have an interest does not change the rules with respect to creditors' suits. They must necessarily be the same, without regard to the character of the property of the debtor which it is sought to reach. Before a court of equity is authorized to cancel a voluntary conveyance or transfer of property on the ground of fraud upon creditors it must be alleged and proved that debts existed at the time the conveyance or transfer was made or that the conveyance or transfer was made with a view to the contracting of future obligations.—*Emery v. Yount,* 7 Colo. 107; *Sexton v. Wheaton,* 8 Wheat. 229; *Arnett v. Coffey,* 1 Colo. App. 34.

The beneficiaries obtained their respective interests before the judgment in favor of plaintiff was rendered. Whether these interests be subject to revocation by the insured is immaterial. The beneficiaries cannot be divested of their interests except

by the acts of the insured.  As the policies now stand, the money which the beneficiaries would receive in the event of the death of the insured would not belong to their respective estates, but to the beneficiaries.— *Mfg. Co. v. Platt,* 13 Colo. App. 15.  This assignment was made for their benefit when, so far as the bill and proofs disclose, the insured had the right to do so.  It does not appear that the plaintiff was in any manner prejudiced thereby or that any property of the insured was applied in order to effect this arrangement, which in equity plaintiff would be entitled to have applied to the payment of its indebtedness or that any conditions exist which would authorize a court of equity at the instance of a creditor to annul a voluntary arrangement on the part of the insured for the benefit of those for whom, by the laws of Nature as well as man, it was their duty to make provision.  If the latter should be compelled to surrender these policies to the companies issuing them and accept the value thereof the rights of the beneficiaries would be destroyed.  The insured may have interests in these policies which a court of equity, if their rights only were involved, might have the power to compel them to apply to the payment of their indebtedness; but however this may be, a court of equity would not be authorized to exercise this power when thereby the vested rights of third persons would be destroyed unless it should appear that the conditions existed under which a court of equity, at the instance of a creditor, may annul voluntary arrangements entered into between his debtors and third persons.

The judgment of the district court is affirmed.

*Affirmed.*

Mr. JUSTICE GUNTER and Mr. JUSTICE MAXWELL concur.