14397

WILSON v. MUTUAL BENEFIT LIFE INSURANCE CO. OF NEWARK, N. J. *ET AL.*

(188 S. E., 803)

*Messrs. Allen & Doyle,* for appellant,

*Messrs. Thomas, Lumpkin & Cain,* for respondent,

*Mr. Harold Major*, for respondents, Raymond Fretwell and Lila Brownlee Fretwell.

December 14, 1936.

The opinion of the Court was delivered by Mr. Justice Baker.

This action was commenced by Robert E. Wilson, trustee in bankruptcy of Raymond Fretwell, bankrupt, against the Mutual Benefit Life Insurance Company of Newark, N. J., Raymond Fretwell, and Lila Brownlee Fretwell on April 16, 1932, for the purpose of recovering the cash surrender value of two insurance policies, issued by the Mutual Benefit Life Insurance Company, on the life of the bankrupt, Raymond Fretwell, and interest from the date of the adjudication in bankruptcy of Raymond Fretwell. For brevity, the Mutual Benefit Life Insurance Company will hereinafter be referred to as the "Company."

On January 4, 1908, the company issued to the said Raymond Fretwell an insurance policy, insuring the life of Raymond Fretwell in the sum of $3,000.00, made payable to the executors, administrators, or assigns of the insured, with the right to change the beneficiary reserved to the insured. On May 9, 1909, the insured assigned said policy to his wife, the co-defendant, Lila Brownlee Fretwell, reserving to himself the right to cancel said assignment at any time. On April 14, 1922, Raymond Fretwell was adjudged bankrupt and on that date the said assignment remained unrevoked. The cash surrender value of said policy on April 14, 1922, was $628.80.

On July 10, 1920, the company issued another policy to Raymond Fretwell, insuring his life in the sum of $2,000.00, made payable to his wife, the co-defendant, Lila Brownlee Fretwell, provided she survived the insured, otherwise to the executors, administrators, or assigns of the insured. The right to change the beneficiary was reserved by the insured. The right to change the beneficiary had not been exercised by the insured, and on April 14, 1922, the cash surrender value of this policy was $89.38.

The company contends that it had no notice or knowledge of the fact that the insured, Raymond Fretwell, had been adjudged a bankrupt, until March 18, 1932; that it, through ignorance of this fact, made certain loans to the insured on the sole security of said policies; that there was due and owing to it such indebtedness on the $3,000.00 policy as left a cash surrender value of $140.57 on March 18, 1932; that by virtue of the same circumstances and facts heretofore related, there was left on March 18, 1932, a cash surrender value of $309.81 on the said $2,000.00 policy; and that the present cash surrender value is $308.17. The company is willing to pay the cash surrender value of the two policies to any one adjudged by the Court to be entitled to receive the same.

Although the full homestead exemption of $1,500.00 allowed by the Constitution of South Carolina has been set aside to Raymond Fretwell, it is urged that under the provisions of Section 7985 of the Code of Laws of South Carolina 1932, the defendant, Lila Brownlee Fretwell, is solely entitled to the benefits under said policies.

On the other hand, the trustee contends that said section is not a valid legislative enactment, and therefore Lila Brownlee Fretwell is not entitled to the benefits under the policies.

The case came on for hearing before his Honor, Judge G. B. Greene, at chambers, by consent of the parties on an agreed statement of facts, the foregoing history thereof being gathered therefrom, and on September 9, 1933, Judge

Greene filed an order adjudging and decreeing that the beneficial interest, including the cash surrender value of said policies, was the property of the defendant, Lila B. Fretwell.

The trustee has filed two exceptions to the order of Judge Greene, but at the threshold of his printed brief and argument states that there is only one question involved, to wit: "Is Section 7985 of the Code of Laws of South Carolina, Volume 3, 1932, a valid legislative enactment?"

The trustee urges that this section of the Code is unconstitutional, because it conflicts with Article 3, Section 28, of the Constitution of South Carolina 1895, in two particulars:

(1) By it the Legislature has assumed to regulate the subject of exemptions beyond the authority conferred by the Constitution.

(2) The section of the statute as applied to the facts of the instant case allows an exemption of more than $500.00.

Section 7985 of the Code of Laws for South.Carolina 1932 provides as follows: "A policy of insurance upon the life of any person which has already been or may hereafter be taken out in which it is expressed to be for the benefit of any married woman, or of herself and her children, or of herself and children of her husband, whether procured by herself or her husband, shall enure to the use and benefits of the person or persons for whose use and benefit it is expressed to be taken out; and the sum or net amount of the insurance becoming due and payable by the terms of the policy shall be payable to the person or persons aforesaid, free and discharged from the claims of the representatives of the husband, or of any of his creditors, or any party or parties claiming by, through or under him or them or either of them; Provided, however, That if the premium paid in any one year out of the property or funds of the husband shall exceed the sum of five hundred dollars, the exemption from the claims of the creditors of the husband shall not apply to so much of said premium so

paid as shall be in excess of five hundred dollars, but such excess, with the interest thereon, or so much thereof as may be necessary, shall enure to the benefit of such creditors if the same be necessary for their payment."

The Legislature has not by the slightest inference referred to the cash surrender value of an insurance policy, but it has expressly provided that the *insurance becoming due and payable* under the terms of the policy shall be payable to the parties named therein free and discharged of all claims of the insured's creditors or his personal representatives. We think that it was the intent of the Legislature to provide for an insured's widow and his or their children by securing to them *at the time of his death,* the benefits of the proceeds of insurance policies in force coming within the category provided by said section, and therefore, the statute does not apply to the facts of this case.

Although this statute was pleaded as a defense by the respondent, Lila Brownlee Fretwell, and judgment was awarded her upon the theory that the statute applied, yet this Court, having construed the statute as not being applicable to the facts of this case, does not feel called upon to pass on the constitutionality thereof, and therefore the appeal is dismissed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.