14430

SLOAN v. SLIGH

(189 S. E., 808)

*Mr. Buford Jackson,* for appellant,

*Mr. Richard E. Broome*, for respondent,

February 8, 1937.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case, involving a small tract of land situate in Richland County, was instituted by George D. Sloan, as plaintiff, against the defendant, R. A. Sligh, in the Court of Common Pleas for Richland County, March, 1934, and was tried in said Court before his Honor, Judge S. W. G. Shipp, presiding Judge, and a jury. From the record in the case it appears that due service of the summons and complaint was made and the defendant duly answered within the time required by law.

It is the contention of the plaintiff, according to the allegations of his complaint, that the defendant was in possession of about three-fourths of an acre of land and a small residence thereon belonging to plaintiff. According to the statement contained in the record, "the record set forth a denial; and further set forth that defendant had owned this property and been in possession of same since 1911; had paid taxes thereon since 1911 and had lived in the house practically all the time. The answer further set forth that

plaintiff was in possession of about five acres of land belonging to defendant."

It appears from the record that at the request of the defendant each of the jurors was sworn on his *voir dire.*

In the verdict rendered "the jury found for plaintiff the house and lot in question and also found for plaintiff on the counterclaim on the five acres of land." A motion for a new trial being refused, the defendant has appealed to this Court.

In the matter of settling the case the trial Judge passed the following order:

"This matter comes before me for settlement on appeal and is settled as follows:

"1. Allow Respondent's 1st proposed amendment as all the testimony must be incorporated in question and answer form, in the absence of an agreement contra.

"2. Allow Respondent's amendment 2nd as proposed. Allow amendment 3rd, as appellant so agrees. Appellant may incorporate the judgment below, if he desires to enter same as Respondent refuses to enter the judgment."

While the appellant sets forth many exceptions, twenty-eight in number, he states in his brief that the following are the questions involved:

"1. Should not the Judge have construed the deeds, mortgages, and plats, and directed a verdict for defendant, First, because said records show defendant had never sold any part of said five and one-half acres of disputed land. Second, said records show plaintiff had·no deed for any part of said disputed five and one-half acres?

"2. Should not the presiding Judge have granted a new trial on the same grounds set forth in Question No. 1 for the directed verdict?

"3. Should not the Judge have construed the deeds, mortgages, and plats and have ruled a man could not enter his own property by permission?

"4. Should not his Honor have construed the deeds, mortgages, and plats, and same showing plaintiff had no title for same, the question of defendant's entering by permission or paying rent could not enter the case?

"5. Holding property by adverse possession; also by prescription.

"6. Commenting on the facts, and charging the facts.

"7. Did his Honor have the right to refuse defendant the right to cross-examine plaintiff and plaintiff's witnesses and were said rulings harmful and prejudicial?"

For the purpose of better understanding the position of the parties to the cause, we quote herewith the following allegations of the plaintiff, set forth in his complaint:

2. "That plaintiff is the owner of one certain small triangular strip of land, containing about 3/4 of an acre, and the dwelling house thereon, adjacent to lands of O. B. Sligh and on the edge of and being a part of a certain tract of land containing about 31 1/2 acres owned by plaintiff, formerly owned by Rev. J. A. Sligh and bounded by lands of O. B. Sligh, Huffman, R. A. Sligh and Hook, near the Broad River Road, about four miles from the City of Columbia, in The County of Richland, State of South Carolina, and being a part of the land heretofore devised by the will of Rev. J. A. Sligh and conveyed to plaintiff by Mrs. Lydia Sligh, the widow of said Rev. J. A. Sligh."

3. "That defendant occupied said premises during the year 1931 as a tenant of plaintiff, and agreed to pay plaintiff as rental therefor the sum of fifty dollars for said year."

4. "That the defendant has held over and is still holding over, after the expiration of said time, and without paying any rent therefor, and that said house is now occupied by defendant."

5. "That the sum of fifty dollars per year is a fair and reasonable rental value for the said premises, and defendant

has deprived plaintiff, during said time, of the use, benefit and enjoyment and the rental value thereof."

Based on these allegations the plaintiff presents the following prayer: "Wherefore, plaintiff demands judgment against the defendant for the sum of one hundred and fifty dollars and the costs of this action, and for the possession of the premises in question and that defendant and all persons occupying said premises under him be ejected and vacated from the said premises and for such other and further relief as the Court may deem proper in the premises."

According to the defendant's answer, the allegation contained in Paragraph 1 of the complaint is admitted, but the allegation contained in Paragraph 2 of the complaint is denied and, according to the defendant's contentions, he is the sole owner of the strip of land referred to. Further, the defendant denies all of the allegations contained in Paragraphs 3, 4, and 5 of the complaint and all other allegations contained therein not specifically admitted by his answer. It may be further stated that the defendant in his answer alleges that the lot of land which the plaintiff "partially describes in Paragraph two of the complaint is a portion of the land purchased by this defendant from W. T. Huffman and C. B. Dreher on the 15th day of December, 1911, by deed recorded in the office of the Clerk of Court for Lexington County (the premises at that time being in Lexington County); that thereafter the defendant in this action erected the present dwelling house which he now occupies on said premises and has occupied said dwelling house since said date and the plaintiff has no interest or connection therewith and that this action is instituted without right or color of title"; and alleges, in effect, in his answer, that he has occupied the said premises partially described in Paragraph 2 of plaintiff's complaint "for a period of more than ten years and that said occupation has been open, continuous, and notorious, and adverse to all of the world, exercising

all rights of ownership and the plaintiff has no interest or claim of ownership therein."

In connection with the defendant's counterclaim in his answer, the defendant alleges, in effect, that about the 22d of December, 1930, the plaintiff in this action purchased from Mrs. J. A. Sligh a tract of land situate in the County of Richland, containing thirty acres, being the land owned by Rev. J. A. Sligh at the time of his death, but defendant does not admit the validity of plaintiff's title to said premises; that the plaintiff took possession of a small tract of land "containing approximately 4 1/2 or 5 acres" and having the boundaries described in defendant's answer. In said answer the defendant denies that the plaintiff had any title or color of title to said premises, but contends that the defendant is the owner thereof, and further alleges, in this connection, that the plaintiff has cultivated said land since the 22d day of December, 1930, and has not paid for the use and benefit of the same. Further, the defendant alleges in this respect that the plaintiff is indebteded to the defendant for a reasonable sum in connection with said premises, amounting to $25.00 per year, for the years 1931, 1932, and 1933, now due the defendant. In this connection the defendant further contends in his answer that the defendant is entitled to possession of the said property and has made demand therefor, but that the plaintiff has refused to make payment and has refused to deliver possession of the said property, and alleges that said refusal on the part of the plaintiff is a trespass upon defendant's property.

In the defendant's prayer, "the defendant demands that the same be dismissed with costs against the plaintiff and that he have judgment for the possession of the tract of land described in the counterclaim together with a reasonable sum as rent therefor amounting to Twenty-five ($25.00) Dollars per annum making a total of Seventy-five ($75.00) Dollars and that the plaintiff be forthwith ejected from said

premises and for any further and other relief that the Court might deem just and proper."

Under our view of the case the exceptions presented and questions raised thereby may be considered as a whole. The questions referred to we have quoted above.

As to the question raised by the appellant, that the presiding Judge should have construed the deeds, mortgages, and plats, it is sufficient for us to state that, in our opinion, the presiding Judge correctly construed the papers in question which the appellant refers to in so far as they were applicable to the questions involved in the trial of the case, but the trial Judge could not, under the testimony, direct a verdict for the defendant. It was the duty of the jury to consider the testimony, and it was the duty of the trial Judge to submit the testimony to the jury for the jury's consideration. We find no error here. Whether any of the disputed land had been sold by the parties involved herein or who had a title to the same was a question for the jury under the testimony in the case.

We find no error in the presiding Judge's refusal to grant a new trial, for his honor, in our opinion, properly submitted the questions involved to the jury and the jury had ample testimony on which to base its finding.

As to the other questions involved, according to the contention of appellant, we deem it sufficient to state that after a careful reading of the presiding Judge's ruling and especially with reference to the charge to the jury, we think his Honor properly construed all papers referred to, and could not, under the law, give any more favorable instruction to the jury than his Honor did. As we construe his Honor's ruling, the appellant has no ground upon which to complain. It is, further, our opinion that the jury had ample testimony upon which to base its verdict and the appellant has no ground to complain because of the jury's finding, and this is true with regard to the titles to the land in question and with regard to the rents involved. The trial Judge

committed no error in charging the jury as to the law relative to adverse possession and as to the law as to prescription. The appellant has no ground to complain. Further, the allegation of error imputed to the trial Judge with reference to commenting on the facts and charging on the facts are not sustained and the same are hereby overruled. We further wish to state that, in our opinion, his Honor, the trial Judge, made the proper ruling with reference to the admission of testimony and committed no error with reference thereto or the examination therewith.

In our opinion, the appellant received a fair and impartial trial. Therefore, the exceptions are overruled, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.