Henry A. Foley, Ph.D. Executive Director Department of Social Services 1575 Sherman Street Denver, Colorado 80203
Dear Mr. Foley:
This constitutes my informal opinion regarding the above captioned case.
In Kidd v. Colorado Department of Social Services, Denver Dist. Ct., Civil Action No. C-47300, plaintiff seeks judicial review of the decision of the Colorado Department of Social Services hearing officer which upheld the decision of the county department of social services to terminate assistance because she owned life insurance with a cash surrender value of nearly $2,000. The Agency Decision was rendered by application of the Colorado Department of Social Services rules which provide as follows:
4112.1 ALL NONEXEMPT PROPERTY MUST BE CONSIDERED.
 Unless exempt, all property is considered as nonexempt and is subject to the $1,000 limitation in all cases. There is no permissible variation from the $1,000 property limitation. A recipient having exactly $1,000 is eligible for assistance. A recipient having $1,000.01 is ineligible.
. . . .
4113.5 INSURANCE CHARGED AS NON-EXEMPT PROPERTY.
 Insurance policies owned by the recipient are chargeable as non-exempt property in the amount of their cash surrender value. For burial policies see 4111.3 and 4111.31.
By application of the above-quoted rules the agency hearing officer reached a decision that the ownership of life insurance policies with a cash surrender value in excess of the $1,000 maximum rendered the recipient ineligible for assistance.
The Colorado Constitution, Article XXIV, § 3 provides that no person shall be denied an old-age pension by reason of the fact that he is the owner of personal property which by law is exempt from execution or attachment. The Colorado Social Services Code, C.R.S. 26-2-109(2) (1973) provides as follows:
 No person otherwise qualified shall be denied public assistance by reason of the fact that he is the owner of personal property which is exempt by the laws of Colorado from execution or attachment.
The term "public assistance" is defined to include programs for Old Age Pension, Aid to Families with Dependent Children, Aid to the Needy Disabled, Aid to the Blind, Child Welfare Services, expenses of treatment to prevent blindness or restore eyesight, and funeral and burial expenses. C.R.S. 26-2-103(7) (1973). Thus, both the Constitution of Colorado and the Colorado Social Services Code incorporate by reference the laws of attachment and execution for the purpose of determining which resources properly may be considered in connection with eligibility for welfare benefits.
The statute governing attachment and execution, C.R.S. 13-54-102
(1973), provides in pertinent part as follows:
 (1) The following property is exempt from levy and sale under writ of attachment or writ of execution:
. . . .
 (2) The avails of policies or certificates of life insurance to the extent of five thousand dollars;
QUESTION PRESENTED AND CONCLUSION
Whether the cash surrender value of a life insurance policy constitutes the avails of such policy within the meaning of C.R.S. 13-54-102(1)(2) (1973) and must be disregarded to the extent of $5,000 for the purpose of determining eligibility for welfare benefits?
My conclusion is "yes."
ANALYSIS
The precise question considered herein has been presented to federal courts which are required to apply state exemption laws in bankruptcy proceedings.Holden v. Stratton, 198 U.S. 202 (1905).See generally Annot. 169 A.L.R. 1375 (1947). The case of In re White, 185 F. Supp. 609 (N.D. W. Va. 1960) contains a representative analysis of the issue. In theWhite case, the court considered the effect of a West Virginia statute which exempted the "proceeds and avails" of a life insurance policy from the claims of creditors. The trustee in bankruptcy argued that the words "proceeds and avails" referred only to the "death benefit" payable upon the maturity of the policy by the death of the insured and after his death. The trustee contended it was against public policy to permit a debtor to place his assets beyond the reach of his creditors in such fashion. The court considered and rejected the trustee's argument as follows:
 it would seem that the legislative policy is to provide citizens of West Virginia an avenue for protecting and providing for the welfare of those who are their special concern, without risk that their purpose may be frustrated by seizure at the instance of future creditors. It cannot successfully be contended that, absent constitutional prohibition, this is not a proper legislative purpose. It is not the province of the courts to criticize the propriety of the legislature's actions or to limit any clearly expressed purpose by strained construction. To limit the meaning of the words `proceeds and avails,' to that contended for by the Trustee, would seriously hamper the accomplishment of the expressed legislative purpose. Seizure and appropriation of the values of life insurance built up during the lifetime of the insured by his creditors would frustrate the purpose just as much as would the seizure of the death benefits by creditors of his estate after his death. Id. at 612.
Accordingly, the court held that the cash surrender value of a life insurance policy was exempt from the claims of the creditors.Accord,Pearl v. Goldberg, 300 F.2d 610 (2d Cir. 1962) (proceeds); In re Fogel,164 F.2d 214 (7th Cir. 1947) (proceeds and avails); Hogan v. Hall,118 F.2d 247 (5th Cir. 1941) (proceeds); In re Lamb, 272 F. Supp. 393
(E.D. La. 1967) (proceeds and avails); In re Guilliot, 47 F. Supp. 929
(W.D. La. 1942) (proceeds and avails); In re Renaker, 295 F. 858 (E.D. Ky. 1923) (proceeds); Westinghouse Credit Corp. v. Crotts, 250 Iowa 1273,98 N.W.2d 843 (1959) (avails) (dictum); Home Security Life Insurance Co.v. McDonald, 277 N.C. 275, 177 S.E.2d 291 (1970) (proceeds and avails);Fox v. Swartz, 235 Minn. 337, 51 N.W.2d 80 (1952) (proceeds) (alternative holding); In re Elliott, 74 Wn.2d 600, 446 P.2d 347 (1968) (proceeds or avails) (alternative holding); Flood v. Libby, 38 Wn. 366, 80 P. 533
(1905).See Mayer v. United States, 375 U.S. 233 (1963) (applying New York exemption statute to tax lien).But see In re Moore, 173 F. 679 (E.D. Tenn. 1909); In re Succession of Videau, 197 So.2d 655 (La.Ct.App. 1967); Wilson v. Mutual Beneficial Life Insurance Co., 182 S.C. 503,188 S.E. 803 (1936). Other courts have reached the conclusion that a creditor of an insured cannot reach the cash surrender value of the debtor's life insurance policy when the insured has not exercised his option to surrender the policy because the cash surrender value does not constitute a debt due and payable by the insurer to the insured and the power to exercise the option to surrender the policy is a personal right of the insured which is not available to his creditors.Fox v. Swartz,supra, (alternative holding); In re Elliott, supra, (alternative holding);cf. National Bank of Commerce v. Appel Clothing Co., 35 Colo. 149,83 P. 965 (1905) (creditor's bill).See generally Annot. 37 A.L.R.2d 271 (1954).
The sole Colorado case concerning the exemption statute under consideration herein is State v. Estate of Butler, 30 Colo. App. 246,491 P.2d 102 (1971) which involved an attempt by the Colorado State Hospital to reach the proceeds of a loan against life insurance in the estate of a mental incompetent. The Court of Appeals, without analysis of the meaning of the term "avails," held that the exemption statute was applicable to claims against incompetent persons and that the loan proceeds were exempt from the claims of the hospital. Since no claim was asserted against the cash surrender value of the insurance policy, the case offers no guidance for the instant case. In Finance Acceptance Co.v. Breaux, 160 Colo. 510, 419 P.2d 955 (1966), the court considered the effect of C.R.S. 77-2-4 (1963) (C.R.S. 13-54-104(1973)) which provides an exemption for ". . . the avails of any pension or retirement benefits . . . ." The debtor claimed an exemption for funds paid into a retirement fund. However, the court noted that such funds did not constitute earnings and that the debtor had terminated his employment prior to qualifying for retirement benefits. It held that the monies in the retirement fund did not come within the ambit of the exemption statute. The Breaux case is susceptible to the reading that it supports by analogy the proposition that the exemption for avails does not include the cash surrender value of life insurance policies. However, the court focused on the issue of whether the funds could be characterized as retirement benefits and did not consider the implication of the term "avails." Moreover, the Breaux
case is distinguishable from the instant case because the strong public policy in favor of a generous reading of a statutory exemption which protects the beneficiaries of life insurance policies may not arise when a debtor claims the benefit of a similar statute for himself. Indeed, the court explicitly recognized the public policy in favor of protecting beneficiaries of insurance policies in National Bank of Commerce v. AppelClothing Co., supra, when it held that a creditor could not reach such policies by a creditor's bill in the absence of some evidence of fraud in effecting such policies. Thus, the Colorado authority is entirely inconclusive on the issue presented in the instant case.
SUMMARY
In summary, the great weight of authority holds that an exemption for the proceeds or avails of a life insurance policy extends to the cash surrender value of such insurance policy. There exists a paucity of Colorado or other authority to the contrary. Accordingly, one must conclude that the rule of the Colorado Department of Social Services which requires that the cash surrender value of life insurance policies be considered non-exempt property for the purpose of determining eligibility for welfare benefits is contrary to the Colorado Constitution, Article XXIV, § 3, C.R.S. 26-2-109(2) (1973) and the exemption statute, C.R.S. 13-54-102(1)(2) (1973).(Note that the limitation that an AFDC recipient may retain liquid assets up to a maximum value of $2,000 contained in 45 C.F.R. 233.20(a)(3) (1973) supercedes the state exemption law under Article VI of the U.S. Constitution and C.R.S. 26-2-105 (1973)). Accordingly, the rules of the Colorado Department of Social Services concerning life insurance policies must be modified to bring them into conformance with the state constitution and statutes and the case of Kidd v. Colorado Department ofSocial Services, Denver Dist. Ct., Civil Action No. C-47300 should be settled in an expeditious manner.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
 SINCE ITS ISSUANCE THIS
 OPINION LETTER WAS ADOPTED
 AS A FORMAL OPINION OF THE
 ATTORNEY GENERAL BY ATTORNEY
 GENERAL J.D. MacFARLANE
AGED, AID TO
GARNISHMENT

C.R.S. 1973, 13-54-102 C.R.S. 1973, 26-2-103 C.R.S. 1973, 26-2-109
SOCIAL SERVICES, DEPT. OF Aging
The cash surrender value of a life insurance policy constitutes "the avails of such policy" and must be disregarded to the extent of $5,000 in determining eligibility for welfare benefits.