R. W. WHARTON, Adm'r, v. OLIVIA F. TAYLOR.

*Homestead and Personal Property Exemption.*

1. The homestead and personal property exemption are fixed by the constitution, and neither the value nor duration thereof can be increased or diminished by the legislature; therefore, the act of 1876–'77, ch. 253, in so far as it undertakes to change the same, is unconstitutional.

3. The land in dispute in this case may be sold, subject to the widow's dower, to pay the intestate's debt.

(<em>Martin</em> v. <em>Hughes</em>, 67 N. C., 293, overruled).

CONTROVERSY submitted without action under section 315 of the Code, and heard at Fall Term, 1882, of BEAUFORT Superior Court, before *Gilliam, J.*

William D. Taylor, seized of an undivided fourth part of an estate in fee in a tract of land not exceeding $500 in value, died on the 19th of April, 1881, intestate, leaving a wife (the defendant) and one child, an infant of the age of three years, who also died a few days thereafter. The intestate, after May 1st, 1877, contracted a debt of about $380, which remains unpaid, and owes no other debt. The plaintiff took out letters of administration on his estate in December, 1881, and applies for an order to sell the intestate's interest in said land for the payment of the debt.

His Honor, being of the opinion that the defendant is the owner of the said fourth interest in the land, and that the same is not chargeable with the debt of the intestate husband, gave judgment accordingly, and the plaintiff appealed.

No counsel for plaintiff.
*Mr. C. F. Warren,* for defendant.

SMITH, C. J. In *Martin* v. *Hughes,* 67 N. C., 293, RODMAN, J., delivering the opinion and referring to article ten, section two

of the constitution, uses this language: "There is nothing in that or in any other section of the constitution to forbid the legislature from exempting *a larger homestead.* It cannot reduce what the constitution provides, but any general assembly had the same power which the constitutional convention had to exempt a homestead, and has now absolute power *to enlarge the homestead given by the constitution in the matter of value,* or duration of estate, subject only to the restriction in the constitution of the United States, that it shall not thereby impair the obligation of contracts." This case was decided at June term, 1872, and the general assembly, acting upon this intimation of its reserved authority, on March 10, 1877, passed the following act:

"AN ACT TO SECURE TO OWNERS OF REAL ESTATE, RESIDING IN THIS STATE, A HOMESTEAD IN FEE SIMPLE.

*The General Assembly of North Carolina do enact:*

SECTION 1. The homestead of any resident of this state shall not be subject to the lien of any judgment or decree of any court, or to sale under execution or other process thereon, growing out of any debt contracted, or cause of action accruing after the first day of May, 1877, except such as may be rendered or issued to secure the payment of obligations contracted for the payment of said homestead, or for laborers' or mechanics' liens for work done and performed for the claimant of said homestead, or for lawful taxes.

SECTION 2. This act shall be in force from and after its ratification."

The title of the act and the sweeping exemption, provided in the first section, from the class of liabilities mentioned, admit, if they do not require, an interpretation (and such seems to have been the view of the judge in the court below), which secures a perpetual exoneration of the land on which the homestead has been placed, to the full extent of the debtor's estate therein, and without limit of time—thus transmitting his estate, however

large, as if no such debts existed, to the person entitled thereto by law. If this be the scope and operation of the act, has the general assembly authority to pass it?

With the natural reluctance ,which every judicial tribunal must feel to declare that a coördinate department of the government has overstepped the constitutional limits of its power, and the more especially when it is acting upon an expressed opinion of this court, the duty is imperative to uphold the fundamental law, when it is clearly incompatible with an act of legislation, and to hold the latter void. Such is our conviction of the character of the present enactment upon the suggested construction of its import and purpose. The exemption of part of the insolvent debtor's property from final process, must have been inserted in the constitution and made part of it for some purpose, and we can conceive of none other except to make these provisions fixed and permanent, and to place them beyond legislative interference and the influence of a varying popular opinion. They are intended for the protection of both debtor and creditor, determining the value of the estate which the insolvent debtor shall retain, if he posses so much, and subjecting all in excess to the claims of the creditor. These ascertained and fixed terms define the exemption in land and personalty, the value and duration; and an enlargement as well as a diminution, in either, is in effect to make a new exemption and displace, *pro tanto*, that contained in the constitution.

How can the legislature enlarge the value of the reserved homestead beyond one thousand dollars, when the constitution declares that that sum shall not be exceeded? How can the value of the retained personal estate be increased or lessened when it is definitely fixed at five hundred dollars? By what authority can the land exemption be extended beyond the prescribed time, which does not equally permit that time to be lessened, and the homestead be made to expire sooner?

It is manifest that the policy of engrafting the provisions of the exempting clauses in the constitution was to give them sta-

bility and permanence, as a system, and to allow no modifications except when made by the same power that framed the organic law, of which it forms a part. Thus is secured a reliable basis for fair dealing and the making of contracts in the future. No satisfactory reason can be assigned in allowing a legislative increase for the debtor's benefit, that does not apply with equal force to an act which abridges it for the creditor's benefit. Both are alike within the protection of the law. If the exemption be changed in either way, it is no longer the exemption prescribed by the constitution.

It is true the constitution describes the homestead as "not exceeding in value one thousand dollars," not thereby as intending to confer authority on the legislature to reduce it below that amount, but as the land and buildings of which it should consist would be of very different values, some far exceeding others, the exemption of the land thus protected from sale, should, in no case, be above that valuation.

It is our opinion that in so far as the act undertakes to prolong the homestead beyond the limit fixed in the constitution, it is repugnant to that instrument, and void.

It follows, therefore, that the land is subject to sale, but it is also subject to the widow's dower therein; and no merger of her right of dower in the remainder in fee takes place to deprive her of it. There is error.

The cognizance of this cause belongs to the probate court, but as it would of necessity have to be transmitted to the judge for his decision of the law involved, we so consider it, and he will transmit the record in accordance with our ruling to the probate judge for further proceedings in the cause. Let this be certified.

Error.　　　　　　　　　　　　　　　　　　Reversed.