### WHITING v. SQUIRES.

(Circuit Court of Appeals, Fourth Circuit. June 15, 1925.)

No. 2346.

1. Bankruptcy ⚖︎143(12) — Cash surrender value of policies on life of bankrupt, reserving right to change beneficiary, assets of estate, unless a state exemption.

The cash surrender value of policies on life of bankrupt, reserving absolute power in him to change beneficiary, are assets of his bankrupt estate, unless embraced in state exemption laws.

2. Bankruptcy ⚖︎396(3)—Surrender value of life policy payable to wife not exempt, where power to change beneficiary reserved.

Exemption under Const. N. C. art. 10, § 7, authorizing husband to insure his life for wife's benefit, and providing that "in case of his death" the amount so insured shall be paid to her free of his creditors' claims, does not embrace the surrender value at time of his becoming bankrupt of policy reserving power in him to change beneficiary.

3. Bankruptcy ⚖︎396(3)—Statute as to exemption of life insurance for wife's benefit to be construed to conform to Constitution.

As construction of C. S. N. C., § 6464, declaring exemption to wife of policy on husband's life, is doubtful, it will be construed to conform to exemption limited by Const. N. C. art. 10, § 7, and so not to embrace surrender value when insured husband became bankrupt.

On Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Western District of North Carolina, at Greensboro, in Bankruptcy; Edwin Y. Webb, Judge.

In the matter of W. S. Whiting, bankrupt; Mark Squires, trustee. On petition of bankrupt to superintend and revise, in matter of law, judgment of District Court (3 F.[2d] 440). Affirmed.

F. J. Heazel and Alfred S. Barnard, both of Asheville, N. C. (Duff Merrick and Merrick, Barnard & Heazel, all of Asheville, N. C., on the brief), for petitioner.

Mark Squires, of Lenoir, N. C. (J. W. Whisnant and Squires & Whisnant, all of Lenoir, N. C., on the brief), for respondent.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The petitioner, W S. Whiting, was adjudicated a bankrupt April 9, 1924. At that time he had $72,000 life insurance in ten policies. His wife, Caroline L. Whiting, was named beneficiary in five of the policies when issued. Whiting's estate was first named as beneficiary in the other five. More than four months before bankruptcy Caroline L. Whiting was substituted beneficiary. In all the policies it was provided that Whiting should have the right to change the beneficiary at his will. The cash surrender value of the policies at the date of the bankruptcy was $18,415.78.

In his schedule the bankrupt listed the policies and claimed them as exempt from his debts in right of his wife under the Constitution and statutes of the state of North Carolina. At the first meeting of creditors the bankrupt amended his schedule by claiming exemption of $500 personal property allowed to him by the Constitution of the state. The District Court adjudged the trustee entitled to have the policies for the purpose of realizing the cash surrender value for the benefit of the creditors of the bankrupt.

[1] The rule laid down by the Supreme Court is that under section 70a of the bankruptcy statute (Comp. St. § 9654) the cash surrender value of a policy of insurance is

an asset of a bankrupt's estate, even when the policy is payable to a beneficiary other than the bankrupt, his estate, or his personal representative, if the bankrupt has reserved absolute power to change the beneficiary. Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143; Cohn v. Malone, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352. The court has further held that insurance policies embraced within the exemption laws of the state do not become assets in the hands of the trustee for the benefit of creditors. Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018. The question, therefore, is whether the cash surrender value of the policies, which was the property of the husband at the time of the bankruptcy, was an exemption for the wife under the Constitution and laws of North Carolina. By article 10 of the Constitution of North Carolina it is provided:

"Exemption of Personal Property.—The personal property of any resident of this state, to the value of five hundred dollars, to be selected by such resident, shall be, and is hereby exempted from sale under execution or other final process of any court, issued for the collection of any debt." Section 1.

"The husband may insure his own life for the sole use and benefit of his wife and children, and in case of the death of the husband the amount thus insured shall be paid over to the wife and children, or to the guardian, if under age, for her or their own use, free from all the claims of the representatives of her husband, or any of his creditors." Section 7.

By the statute it was enacted:

"When a policy of insurance is effected by any person on his own life, or on another life in favor of some person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, are entitled to its proceeds against the creditors and representatives of the person effecting the insurance. The person to whom a policy of life insurance is made payable may maintain an action thereon in his own name. Every policy of life insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred, or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband, or by any other person, and whether the assignment or transfer is made by her husband or by any other person, inures to her separate use and benefit and to that of her children, if she dies in his lifetime." Consolidated Statutes, § 6464.

There are no words either in the Constitution or the statute which even intimate an intention to take away or impair the liberty of a married man to make any contract of insurance he sees fit. He is not prohibited from making a contract for the benefit of his wife or children on any condition he may see fit, including the reservation of the right to himself to change the beneficiary. Such a right is of value to him, and it seems perfectly clear that neither the Constitution nor the statute expresses or intimates an intention to take it away from him or to confer it on his wife and children. Nor does either the Constitution or the statute attempt to confer upon the husband an exemption of more than $500 in personal property. In this case the husband, having already received his $500 exemption, of course, has no claim to exemption out of the surrender value of the policy.

[2] In the light of these observations we consider first the meaning of the constitutional provision relating to insurance for the benefit of the wife and children. It is found under the title "Homestead and Exemptions." Section 6 under that heading provides for the sole and separate ownership of her property by a married woman free from the debts of her husband, with the right to devise and bequeath it, but not to convey without the written consent of her husband. Section 7 confers on the husband the right to insure for the benefit of his wife and children, and confers on them, "at the death of her husband," the right to receive the amount of any policy of which they may then be the beneficiaries, free from the claims of the representatives of the husband or his creditors. This means, in the absence of fraud, that payment of premiums, even by an insolvent husband, shall not defeat payment at the death of the husband to the beneficiaries named in the policy.

The limit of the constitutional exemption of an insurance policy on the life of the husband against the claims of his creditors is that the wife or the wife and children take the benefits of a policy payable to her or them as beneficiaries at the death of the insured. The exemption may cover a policy payable to the wife and children with no power of the insured to change the beneficiaries, because in such a policy the wife or the wife and children have a vested interest, and the policy, if paid at all, must be paid to them at the death of the husband. But the exemption does not embrace the surrender

value, the property of the husband, of a policy in which he can change the beneficiary at will. This construction of the constitutional provision agrees with the construction of Judge Call, Judge Clayton, and the Circuit Court of Appeals of the Fifth Circuit of a Florida statute in similar terms in In re Long (D. C.) 282 F. 383; In re Morgan (D. C.) 282 F. 650; Morgan v. McCaffrey et al. (C. C. A.) 286 F. 922. The Circuit Court of Appeals of the Eighth Circuit took a similar view of a like Minnesota statute in Aberle v. McQuaid, 283 F. 779; but it afterwards felt compelled, by a contrary construction of the statute by the Minnesota court, to hold that the cash surrender value of such a policy was exempt under the state law, in Ralph v. Cox, 1 F.(2d) 435.

Judge Connor, in the District Court for the Eastern District of North Carolina, took a view of the North Carolina Constitution contrary to that we have stated. We think, however, he did not give effect to the decisions of the Supreme Court of the United States in Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143, and Cohn v. Malone, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352, and we are unable to concur in his reasoning.

[3] The Legislature could not by statute add to the constitutional exemption. Wharton v. Taylor, 88 N. C. 230. Therefore it could not make an exemption of the surrender value of the policy which might or might not, according to the will of the husband, fall to the wife or the wife and children as a policy of which they were beneficiaries at the death of the husband. It follows that, if the statute be construed as embracing the surrender value of a policy like these, it would be invalid as a legislative attempt to enlarge the insurance exemption to the wife and children provided by the Constitution. In re Jones (D. C.) 249 F. 487.

If the statute stood alone, with its language unrestrained by the constitutional provision, the argument would be strong in favor of the view that every possible value of a policy including cash surrender value, though the husband retained the right to change the beneficiary, inures to the benefit and use of the wife or her children. This is the view taken of somewhat similar statutes where no constitutional limitation was involved. In re Orear, 189 F. 888, 111 C. C. A. 150; In re Young (D. C.) 208 F. 373; In re Brinson (D. C.) 262 F. 707; Jens v. Davis (C. C. A.) 280 F. 706; Magnuson v. Wagner (C. C. A.) 1 F.(2d) 99; Brown v. Home Life Ins. Co., etc. (D. C.) 3 F.(2d) 661.

But, as this construction of the statute of North Carolina is doubtful, it should not be adopted when opposed to the provision of the Constitution, for every presumption must be indulged that the Legislature did not intend to attempt by statute to confer an exemption beyond that provided by the Constitution. Taking this view, we hold that the last sentence of the statute is but a repetition of the constitutional provision on the same subject, and is limited in its application to a policy of insurance standing in the name of the wife or her children as beneficiaries at the death of the husband. In re Jones, supra.

For these reasons, we think the judgment of the District Court was right.

Affirmed.