.SMITH v. METROPOLITAN LIFE INS. CO.

No. 4156.

Circuit Court of Appeals, Third Circuit.

Sept. 4, 1930.

Sidney W. .Eldridge, of Elizabeth, N. J. (Harold Remington, of New York City, of counsel), for appellant.

. : McCarter & English, of Newark, N. J. (Conover English, of Newark, N. J., of counsel), for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

. · JOHNSON, District Judge.

On June 23, 1926, Louis Pinals was· adjudicated a voluntary bankrupt. At that time he owned a policy of insurance covering his life in the Metropolitan Life Insurance Company in the sum of $5,000, having a·cash surrender value of $625.43. The beneficiary named therein was Annie Pinals, wife of the bankrupt. Notice was given to the bankrupt of the cash surrender value and demand was made upon him to pay, or secure the payment of, the surrender value to the trustee, if he wished to redeem the policy; the bankrupt did not redeem.

The trustee obtained an order on the bankrupt, his wife, Annie Pinals, and the Metropolitan Life Insurance Company, requiring them to show cause why the cash surrender value of the policy should not be paid to the trustee and why the bankrupt should not be compelled to execute the documents and papers necessary to accomplish the payment of the surrender value to the trustee. The bankrupt and his wife appeared at the

hearing before the referee. The Metropolitan Life Insurance Company appeared and filed an answer, setting up that the cash surrender value of the policy was exempt under section 38 of the Insurance Law of the State of New Jersey (2 Comp. St. 1910, p. 2850). The referee held that the surrender value of the policy was not exempt and that the trustee was entitled to be paid the cash surrender value as part of the estate of the bankrupt. Neither the bankrupt nor his wife filed a petition to review the referee's order, nor has either of them appealed to this court. The Metropolitan Life Insurance Company filed a petition to review the order of the referee and the United States District Court of New Jersey [38 F.(2d) 117] reversed the referee and denied the petition of the trustee, holding that the cash surrender value of the policy was exempt under section 38 of the Insurance Law of the State of New Jersey. From this order of the District Court, the trustee has appealed.

The question involved in this appeal is whether the cash surrender value of the insurance policy on the life of the bankrupt, in which the right to change the beneficiary without the existing beneficiary's consent is reserved, is exempt to the bankrupt during his lifetime under sections 38 and 39 of the Insurance Law of the State of New Jersey (2 Comp. St. 1910, p. 2850) and the provisions of the United States Bankruptcy Act.

The pertinent provisions of the laws controlling this case are sections 6 and 70a(3) (5) of the Bankruptcy Act of 1898 (11 US CA §§ 24, 110(a)(3)(5), and sections 38 and 39 of the Insurance Act of New Jersey, P. L. 1902, p. 422 (2 Comp. St. 1910, p. 2850), which provide as follows:

"Sec. 6. *Exemption of Bankrupts.*—a. This Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

"Sec. 70. *Title to Property.*—a. The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (3) powers

which he might have exercised for his own benefit, but not those which he might have exercised for some other person; * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him: Provided, That when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets."

"38. *Beneficiary of policy; right to proceeds; right of action; premiums paid in fraud of creditors.*—When a policy of insurance is effected by any person on his own life, or on another life in favor of some person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds, against the creditors and representatives of the person effecting the same; and the person to whom a policy of life insurance is made payable may maintain an action thereon in his own name; provided, that, subject to statute of limitation, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless, before such payment, the company shall have written notice by or in behalf of some creditor, with specification of the amount claimed, claiming to recover for certain premiums paid in fraud of creditors. (P. L. 1902, p. 422.)"

"39. *Policies to inure to benefit of married woman.*—Every policy of life insurance made payable to or for the benefit of a married woman, * * * or to any person in trust for her or for her benefit, whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person, shall inure to her separate use and benefit, and to that of her children, according to the terms and provisions of the policy or assignment, subject to the above

provisions relating to premiums paid in fraud of creditors. (P. L. 1902, p. 422.)"

"Policies of insurance which are exempt under the law of the State of the bankrupt are exempt under § 6 of the bankrupt act of 1898, even though they are endowment policies payable to assured during his lifetime and have cash surrender values, and the provisions of § 70a of the act do not apply to policies which are exempt under the state law.

"It has always been the policy of Congress, both in general legislation and in bankrupt acts, to recognize and give effect to exemption laws of the States." Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018.

The appellant relies upon the case of Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143. The decision in that case was based upon the provisions of section 70a of the Bankruptcy Act, which does not apply to policies which are exempt under a state law.

The appellate courts of New Jersey have definitely decided that the proceeds of an insurance policy on the life of a bankrupt are exempt under sections 38 and 39 of the New Jersey Insurance Law and that this rule applies as well to policies where the wife was made beneficiary, with the right of revocation, as to policies where the wife was made beneficiary without the right of revocation. G. P. Farmer Coal & Supply Company v. Albright, 90 N. J. Eq. 132, 106 A. 545; Merchants' & Miners' Transp. Co. v. Borland, 53 N. J. Eq. 282, 31 A. 272.

Under section 6 of the Bankruptcy Act and sections 38 and 39 of the Insurance Law of New Jersey, P. L. 1902, p. 422, the cash surrender value of the policy in question is exempt; and the trustee is not entitled to collect the same as part of the bankruptcy funds.

The decree of the District Court, reversing the order of the referee, is affirmed.