**In the Matter of Robert Payne WOLFE, t/a Mount Airy Pharmacy, Bankrupt.**

**In the Matter of Phyllis Dean WOLFE, Bankrupt.**

### Nos. B–35–65, B–36–65.

United States District Court
M. D. North Carolina,
Greensboro Division.

Feb. 4, 1966.

Charles E. Dameron III, Chapel Hill, N. C., for trustee in bankruptcy for Robert Payne Wolfe, T/A Mount Airy Pharmacy, and Phyllis Dean Wolfe, petitioners.

George K. Snow, Mount Airy, N. C., for Robert Payne Wolfe, T/A Mount Airy Pharmacy, and Phyllis Dean Wolfe, respondents.

EDWIN M. STANLEY, Chief Judge.

This matter is before the Court on the petition of the trustee in Bankruptcy for Robert Payne Wolfe and Phyllis Dean Wolfe for review of an order of the Referee, dated December 16, 1965, holding that the cash surrender value of two life insurance policies on the life of Robert Payne Wolfe, one of the bankrupts, is exempt property under the laws of the State of North Carolina and the Bankruptcy Act.

On April 8, 1965, the bankrupts, husband and wife, filed separate voluntary petitions in bankruptcy. Adjudications were made on the same date, and the two cases were consolidated for administration.

The facts are not in dispute. On the date of adjudication, Robert Payne Wolfe (hereinafter referred to as "insured bankrupt"), owned two policies of life insurance with his wife, Phyllis Dean Wolfe (hereinafter referred to as "beneficiary bankrupt"), as the sole beneficiary in each policy. One policy was with the Jefferson Life Insurance Company, and had a cash surrender value of $118.99. The other policy was with the Durham Life Insurance Company, and had a cash surrender value of $829.95. The Durham policy was issued in 1946, and the Jefferson policy in 1953. Both policies were unassigned, and neither was subject to a policy loan. Both insurance policies contained provisions for allowing the insured absolute power to change the beneficiary. More specifically, the Jefferson policy provides that "the insured may at any time, and from time to time, change the beneficiary hereunder, such change to take effect upon the written endorsement of the same upon the policy by the Company. * * *" The Durham policy provides that, while the policy is in full force and unassigned, the insured may at any time "change the beneficiary or beneficiaries hereunder by filing written request therefor at the home office of the Company. * * *"

The insured bankrupt having elected not to pay or secure to the trustee the cash surrender values of the policies within the time prescribed by § 70(a) of the Bankruptcy Act (11 U.S.C.A. § 110(a)), the trustee thereafter petitioned for an order directing him to surrender the two policies of insurance and receive their cash surrender value. Following an adverse ruling by the Referee, the petition for review was filed.

Since § 6 of the Bankruptcy Act (11 U.S.C.A. § 24), provides that State laws in force at the time of the filing of the petition in bankruptcy govern the allowance of exemptions to bankrupts, the sole question for decision is whether the cash surrender values of the two policies of insurance are exempt property under the Constitution and laws of North Carolina.

The only pertinent provision of the Constitution of North Carolina is Article X, § 7, which provides:

" § 7. *Husband may insure his life for the benefit of wife and children.*—The husband may insure his own life for the sole use and benefit of his wife and children, and in case of the death of the husband the amount thus insured shall be paid over to the wife and children, or to the guardian, if under age, for her or their own use, free from all the claims of the representatives of her husband, or any of his creditors. And the policy shall not be subject to claims of creditors of the insured during the life of the insured, if the insurance issued is for the sole use and benefit of the wife and/or children."

The last sentence of the quoted provisions of Article X, § 7, of the Constitution of North Carolina was added by amendment adopted in 1931. At the same time, the North Carolina Legislature enacted § 58–206, General Statutes of North Carolina, exempting "proceeds and avails" of policies of insurance "against creditors and representatives of the insured * * * whether or not the right to change the beneficiary is reserved or permitted. * * *"

The amendment to Article X, § 7, of the Constitution of North Carolina, and the enactment of § 58–206 of the General Statutes of North Carolina, which is actually an amendment of § 58–205, followed the decision of the Court of Appeals for the Fourth Circuit in Whiting v. Squires, 4 Cir., 6 F.2d 100 (1925). The *Whiting* case involved a factual situation very similar to the case under consideration, and called for an interpretation of the Constitution and laws of North Carolina relating to the exemption

of the cash surrender value of policies of insurance when the bankrupt has reserved absolute power to change the beneficiary. Relying upon Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L. Ed. 143 (1917), and Cohn v. Malone, 248 U.S. 450, 39 S.Ct. 141, 63 L.Ed. 352 (1919), the Court stated:

"The limit of the constitutional exemption of an insurance policy on the life of the husband against the claims of his creditors is that the wife or the wife and children take the benefits of a policy payable to her or them as beneficiaries at the death of the insured. The exemption may cover a policy payable to the wife and children with no power of the insured to change the beneficiaries, because in such a policy the wife or the wife and children have a vested interest, and the policy, if paid at all, must be paid to them at the death of the husband. *But the exemption does not embrace the surrender value, the property of the husband, of a policy in which he can change the beneficiary at will.* * * *

"Judge Connor, in the District Court for the Eastern District of North Carolina, took a view of the North Carolina Constitution contrary to that we have stated. We think, however, he did not give effect to the decisions of the Supreme Court of the United States in Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143, and Cohn v. Malone, 248 U.S. 450, 39 S.Ct. 141, 63 L.Ed. 352, and we are unable to concur in his reasoning.

"*The Legislature could not by statute add to the constitutional exemption.* Wharton v. Taylor, 88 N. C. 230. Therefore it could not make an exemption of the surrender value of the policy which might or might not, according to the will of the husband, fall to the wife or the wife and children as a policy of which they were beneficiaries at the death of the husband. *It follows that, if the statute be construed as embracing the surrender value of a policy like these, it would be invalid as a legislative attempt to enlarge the insurance exemption to the wife and children provided by the Constitution.*" (Emphasis supplied.)

■ It could logically be argued that § 58–206 of the General Statutes of North Carolina, considered alone, exempts policies of life insurance, even though the insured reserves the right to change the beneficiary. However, insofar as the Legislature undertook to extend the exemption beyond the limits fixed in the Constitution, its enactments were void. Wharton v. Taylor, 88 N.C. 230; Whiting v. Squires, supra.

■■ Whatever might have been the intent of the framers of the 1931 statutory and constitutional amendments, there can be little question but that the constitutional amendment, standing alone, falls far short of overruling the *Squires* case. Since the statutory amendment was an invalid attempt, under the rule laid down in the *Wharton* and *Whiting* cases, at expanding the insurance exemption, it is concluded (1) that the wives and children of bankrupts are protected from claims of the bankrupt's creditors, both during his life and at his death, if policies are for their *sole* benefit, and (2) that trustees are entitled to the cash surrender value of policies under which the bankrupt has the power to change beneficiaries.

■ With respect to the policies of insurance here involved, since the insured bankrupt retained the right to change the beneficiary in both policies of insurance, the cash surrender values of said policies are not exempt property under the Constitution and statutes of North Carolina, and the Trustee in Bankruptcy is vested with the title to said policies. It follows that the decision of the Referee must be reversed.

It is so ordered.