HOME SECURITY LIFE INSURANCE COMPANY v. ARTHUR A. Mc-
DONALD, JR., Trustee in Bankruptcy for THOMAS E. DAVIS,
Bankrupt; THOMAS E. DAVIS and Wife, MARY Y. DAVIS

No. 31

(Filed 18 November 1970)

1. Bankruptcy §§ 2, 8; Homestead and Personal Property Exemption § 6—
   assets of the estate — cash surrender value of life insurance policies

   The cash surrender value of a life insurance policy issued on the life of a bankrupt for the benefit of his wife, with the bankrupt reserving the right to change the beneficiary, is not an asset of the bankrupt's estate and is therefore exempt from the claims of the trustee in bankruptcy. N. C. Constitution, Art. X, § 7; G.S. 58-206; 11 U.S.C.A. §§ 24, 110(a).

2. Statutes § 5—construction of terms acquiring settled meaning

   Where the terms used in a statute have acquired a settled meaning through judicial interpretation, and the same terms are used in a subsequent statute upon the same subject matter, they are to be understood in the same sense unless by qualifying or explanatory addition the contrary intent of the Legislature is made clear.

3. Constitutional Law § 6— legislative powers — questions of public policy

   So far as the Constitution of North Carolina is concerned, the General Assembly is possessed of full legislative powers unless restrained by express constitutional provision or necessary implication therefrom; absent such constitutional restraint, questions as to public policy are for legislative determination.

4. Constitutional Law § 2— construction of constitutional provisions

   Constitutional provisions should be construed in consonance with the objects and purposes in contemplation at the time of their adoption.

5. Homestead and Personal Property Exemptions § 6— cash surrender
   value of life insurance policy — wife and/or children as beneficiaries —
   protection against creditors

   A life insurance policy in which the "wife and/or children" are the only persons named as beneficiaries *is held* insurance "for the sole

use and benefit of the wife and/or children" within the meaning of N. C. Constitution, Art. X, § 7; and, as long as they remain the only beneficiaries, the policy, including the cash surrender value thereof, is not subject to the claims of the insured's creditors during his lifetime.

APPEAL by Arthur A. McDonald, Jr., Trustee in Bankruptcy for Thomas E. Davis, Bankrupt, from *Canaday, J.,* April 20, 1970 Session of DURHAM Superior Court, certified, pursuant to G.S. 7A-31(a), for review by the Supreme Court without prior determination in the Court of Appeals.

Two insurance policies, which had been issued by plaintiff on the life of Thomas E. Davis, were in force on December 4, 1969, when Davis filed his voluntary petition and was adjudged bankrupt in the United States District Court for the Middle District of North Carolina. Arthur A. McDonald, Jr., who was appointed on December 16, 1969, as Trustee in Bankruptcy by The Honorable Rufus W. Reynolds, Referee in Bankruptcy, contended he was entitled to the cash surrender values ($514.03 and $745.10) of the two policies as assets of the bankrupt estate and demanded that plaintiff pay these amounts to him.

Mary Y. Davis, wife of Thomas E. Davis, is named as beneficiary in each policy; and, in each, the insured reserved the right to change the beneficiary. The insured paid all premiums.

Plaintiff, contending these cash surrender values were exempt under North Carolina law from the claims of the bankrupt's creditors, sought and obtained leave from the Referee in Bankruptcy to institute this action in the Superior Court of Durham County, North Carolina, to obtain a judgment declaring and adjudicating the respective rights and claims of all parties to the cash surrender values of the two policies it had issued on the life of Thomas E. Davis.

The facts necessary to decision, set forth in summary above, were stipulated.

Judge Canaday "ORDERED, ADJUDGED AND DECREED that Arthur A. McDonald, Jr., Trustee in Bankruptcy for Thomas E. Davis, Bankrupt, is not entitled to the cash surrender value of Home Security Life Insurance policies numbers A 110131 and A 116194."

Defendant McDonald, Trustee in Bankruptcy, excepted to the judgment and appealed.

*Lillard H. Mount and Richard M. Hutson II, for plaintiff appellee.*

*Nye & Mitchell, by R. Roy Mitchell, Jr., for defendant appellant Arthur A. McDonald, Jr.*

BOBBITT, Chief Justice.

[1] The Bankruptcy Act § 70(a), 11 U.S.C.A. § 110(a), in part provides: "The trustee of the estate of a bankrupt . . . upon his . . . appointment and qualification, shall . . . be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition . . ., *except insofar as it is to property which is held to be exempt,* to all of the following kinds of property . . . (3) powers which he might have exercised for his own benefit, but not those which he might have exercised solely for some other person . . . (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: . . . *And provided further,* That when any bankrupt, who is a natural person, shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets . . . ." (Our italics.)

The Bankruptcy Act § 6, 11 U.S.C.A. § 24, in part provides: "This title (Bankruptcy) shall not affect the allowance to bankrupts *of the exemptions which are prescribed . . . by the State laws in force at the time of the filing of the petition . . . .*" (Our italics.)

On the basis of these statutory provisions, it is well established that the cash surrender value of the policies under consideration is an asset of the bankrupt estate, *Cohen v. Samuels,* 245 U.S. 50, 62 L. Ed. 143, 38 S. Ct. 36 (1917), and *Cohn v. Malone,* 248 U.S. 450, 63 L. Ed. 352, 39 S. Ct. 141 (1919), *unless*

included within the exemption laws of the State of North Carolina, *Smalley v. Laugenour*, 196 U.S. 93, 97, 49 L. Ed. 400, 402, 25 S. Ct. 216, 217 (1905), and *Holden v. Stratton*, 198 U.S. 202, 49 L. Ed. 1018, 25 S. Ct. 656 (1905).

The Washington statute under consideration in *Holden v. Straton, supra,* provided "that *the proceeds or avails* of all life insurance shall be exempt from all liability for any debt." (Our italics.)

Ordinarily, the beneficiary named in a life insurance policy has a vested interest therein which cannot be destroyed without his (her) consent in the absence of conditions or stipulations to the contrary. *Wilson v. Williams*, 215 N.C. 407, 2 S.E. 2d 19 (1939), and cases cited. Unless he reserves the right to change the beneficiary, the insured cannot, without the consent of the beneficiary, obtain the cash surrender value. In such case, the right to the cash surrender value does not pass to the trustee in bankruptcy under subparagraphs (3) and (5) of § 70(a) of the Bankruptcy Act. *Massachusetts Mut. Life Ins. Co. v. Switow*, 30 F. Supp. 809 (W.D.Ky. 1940). Thus, without reference to the North Carolina statutory and constitutional provisions discussed below, the cash surrender value of a policy in which the insured has not reserved the right to change the beneficiary is not an asset of the bankrupt estate.

Absent decisions of this Court with reference thereto, federal courts have had occasion to consider whether the cash surrender value of a policy in which the insured has reserved the right to change the beneficiary is exempt under North Carolina law.

Resolving a conflict between *In re Pittman*, 275 F. 686 (E.D. N.C. 1921), and *In re Whiting*, 3 F. 2d 440 (W.D.N.C. 1925), the Court of Appeals, affirming *In re Whiting,* held the cash surrender value of a policy on the life of the insured (bankrupt) in which his wife was named as beneficiary and in which the insured had reserved the right to change the beneficiary was not exempt under North Carolina law and the trustee was entitled thereto as an asset of the bankrupt estate. *Whiting v. Squires*, 6 F. 2d 100 (4th Cir. 1925), cert. den., 269 U.S. 587, 70 L. Ed. 426, 46 S. Ct. 203 (1926).

The factual situations involved in *Whiting v. Squires, supra,* and in the present case are substantially the same. However, there are significant differences between the statutory and

constitutional provisions in force then and those in force now.

In *Whiting v. Squires, supra,* the opinion of Circuit Judge Woods quotes (as follows) Sections 1 and 7 of Article X ("Homesteads and Exemptions") of the Constitution of North Carolina, *viz.:*

" 'Exemption of Personal Property.—The personal property of any resident of this state, to the value of five hundred dollars, to be selected by such resident, shall be and is hereby exempted from sale under execution or other final process of any court, issued for the collection of any debt.' Section 1."

" 'The husband may insure his own life for the sole use and benefit of his wife and children, *and in case of the death of the husband* the amount thus insured shall be paid over to the wife and children, or to the guardian, if under age, for her or their own use, free from all the claims of the representatives of her husband, or any of his creditors.' Section 7." (Our italics.)

Judge Woods also quoted the (1899) statute then codified as Section 6464 of the Consolidated Statutes and now codified as G.S. 58-205, *viz.:*

"6464. Rights of beneficiaries. When a policy of insurance is effected by any person on his own life, or on another life in favor of some person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, are entitled to its proceeds against the creditors and representatives of the person effecting the insurance. The person to whom a policy of life insurance is made payable may maintain an action thereon in his own name. Every policy of life insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred, or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband, or by any other person, and whether the assignment or transfer is made by her husband or by any other person, inures to her separate use and benefit and to that of her children, if she dies in his lifetime."

In *Whiting v. Squires, supra,* the bankrupt claimed as exemptions: (1) Personal property of the value of $500.00; and (2) the cash surrender value ($18,415.78) of insurance policies on his life in which his wife was named as beneficiary and in which he had reserved the right to change the beneficiary.

The basis of decision is stated by Judge Woods as follows: "Section 7 confers on the husband the right to insure for the benefit of his wife and children, and confers on them, 'at the death of her husband,' the right to receive the amount of any policy of which they may then be the beneficiaries, free from the claims of the representatives of the husband or his creditors. This means, in the absence of fraud, that payment of premiums, even by an insolvent husband, shall not defeat payment at the death of the husband to the beneficiaries named in the policy. The limit of the constitutional exemption of an insurance policy on the life of the husband against the claims of his creditors is that the wife or the wife and children take the benefits of a policy payable to her or them as beneficiaries at the death of the insured. . . . But the exemption does not embrace the surrender value, the property of the husband, of a policy in which he can change the beneficiary at will."

With reference to C.S. 6464, Judge Woods stated: "If the statute stood alone, with its language unrestrained by the constitutional provision, the argument would be strong in favor of the view that every possible value of a policy including cash surrender value, though the husband retained the right to change the beneficiary, inures to the benefit and use of the wife or her children." However, citing *Wharton v. Taylor,* 88 N.C. 230 (1883), for the proposition that "(t)he Legislature could not by statute add to the consitutional exemption," Judge Woods stated: "(I)f the statute be construed as embracing the surrender value of a policy like these, it would be invalid as a legislative attempt to enlarge the insurance exemption to the wife and children provided by the Constitution." *Id.* at 102.

When *Wharton v. Taylor, supra,* was decided, Section 2, Article X, of our Constitution provided: "Every homestead, and the dwellings and buildings used therewith, *not exceeding in value one thousand dollars,* to be selected by the owner thereof, or in lieu thereof, at the option of the owner, any lot in a city, town or village with the dwelling and buildings used thereon, owned and occupied by any resident of this State, *and not exceeding the value of one thousand dollars,* shall be exempt from sale under execution or other final process obtained on any debt. But no property shall be exempt from sale for taxes, or for payment of obligations contracted for the purchase of said premises." (Our italics.) In *Wharton v. Taylor, supra,* this Court held unconstitutional, as violative of the quoted provision, a statute enacted March 10, 1877, which provided: "The home-

stead of any resident of this state shall not be subject to the lien of any judgment or decree of any court, or to sale under execution or other process thereon, growing out of any debt contracted, or cause of action accruing after the first day of May, 1877, except such as may be rendered or issued to secure the payment of obligations contracted for the payment of said homestead, or for laborers' or mechanics' liens for work done and performed for the claimant of said homestead, or for lawful taxes." Obviously, the provisions of this 1877 statute were *in direct conflict with* and *in utter disregard of* Section 2, Article X, of our Constitution.

It is noted that *Holden v. Stratton, supra,* recognized expressly, and that *Whiting v. Squires, supra,* recognized impliedly, the right of a State, if its constitution so provided or permitted, to exempt "the proceeds or avails," including the cash surrender value, of a life insurance policy in which the wife is the named beneficiary and in which the insured (bankrupt) reserved the right to change the beneficiary.

It must be presumed that the 1931 General Assembly, when it enacted the statute and submitted the constitutional amendment discussed below, acted with knowledge of the decision in *Whiting v. Squires, supra.*

On March 23, 1931, the General Assembly enacted Chapter 179, Session Laws of 1931, entitled "AN ACT DETERMINING THE RIGHTS OF CREDITORS AND BENEFICIARIES UNDER POLICIES OF LIFE INSURANCE." This statute, now codified as G.S. 58-206, provides: "If a policy of insurance . . . is effected by any person on his own life or on another life in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, *the lawful beneficiary or assignee thereof,* other than the insured or the person so effecting such insurance or the executor or administrator of such insured or of the person effecting such insurance, *shall be entitled to its proceeds and avails* against creditors and representatives of the insured and of the person effecting same, *whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person:* Provided, that subject to the statute of limitations, the amount of any premiums for said insurance paid with the intent to defraud creditors,

with interest thereon, shall inure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms unless, before such payment, the company shall have written notice by or in behalf of the creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specifications of the amount claimed." (Our italics.)

On April 10, 1931, the General Assembly enacted Chapter 262, Session Laws of 1931, entitled "AN ACT TO SUBMIT A PROPOSED AMENDMENT TO THE CONSTITUTION OF NORTH CAROLINA TO PROTECT INSURANCE FOR WIVES AND CHILDREN FROM CREDITORS DURING LIFE OF INSURED." This amendment, which was adopted by the electorate in the General Election of 1932, amended Section 7, Article X, of the Constitution of North Carolina, by adding the following: "And the policy shall not be subject to claims of creditors of the insured *during the life of the insured,* if the insurance issued is for the sole use and benefit of the wife and/or children." (Our italics.)

In a factual situation similar to that now under consideration, it was held in *In re Wolfe,* 249 F. Supp. 784 (M.D.N.C. 1966), that, although "(i)t could logically be argued that § 58-206 of the General Statutes of North Carolina, considered alone, exempts policies of life insurance, even though the insured reserves the right to change the beneficiary," the 1931 statute (G.S. 58-206) was in conflict with Section 7 of Article X as amended in 1932; and that under Section 7 of Article X as amended in 1932 a policy in which the "wife and/or children" are designated as beneficiaries is not for their sole use and benefit and therefore not exempt if the insured reserved the right to change the beneficiary. We take a different view. For the reasons stated below, we conclude (1) that G.S. 58-206 does exempt the cash surrender values of policies of life insurance in which the "wife and/or children" of the insured (bankrupt) are designated beneficiaries, and (2) that Section 7 of Article X does not conflict with and nullify G.S. 58-206 in those instances where the "wife and/or children" are designated beneficiaries but on the contrary is in accord therewith.

The 1931 statute (G.S. 58-206), which repeals all laws and clauses of laws in conflict therewith, does not refer to the statute theretofore codified as G.S. 58-205. Although both statutes, G.S. 58-205 and G.S. 58-206, now appear in the 1965

Replacement of the General Statutes, G.S. 58-206 supersedes G.S. 58-205 where there are variations or conflicts. *Board of Education v. Comrs. of Onslow,* 240 N.C. 118, 126, 81 S.E. 2d 256, 262.

The 1931 statute (G.S. 58-206) was taken practically verbatim from the 1927 New York statute construed in *In re Messinger,* 29 F. 2d 158 (2d Cir. 1928), cert. den., 279 U.S. 855, 73 L. Ed. 996, 49 S. Ct. 351 (1929). In deciding the question presented in that case, a bankruptcy proceeding, it was held that the cash surrender value of a policy of life insurance is exempt from the claims of the trustee in bankruptcy of the insured even though the right to change the beneficiary is reserved.

In *Smith v. Metropolitan Life Ins. Co.,* 43 F. 2d 74 (3d Cir. 1930), it was decided, in accord with the construction placed upon New Jersey exemption statutes by cited decisions of the Court of Chancery of New Jersey, that the trustee in bankruptcy was not entitled to the cash surrender value of a life insurance policy in which the wife was the named beneficiary notwithstanding the insured (bankrupt) had reserved the right to change the beneficiary. The New Jersey statutory provisions considered are similar to those in G.S. 58-206 except that the clause in G.S. 58-206, "whether or not the right to change the beneficiary is reserved or permitted," did not appear in the New Jersey statutes.

[2] The significance of the 1931 statute (G.S. 58-206) is to be considered in the light of the general rule of statutory construction that "where the terms used in a statute have acquired a settled meaning through judicial interpretation, and the same terms are used in a subsequent statute upon the same subject matter, they are to be understood in the same sense unless by qualifying or explanatory addition the contrary intent of the Legislature is made clear." *Brown v. Brown,* 213 N.C. 347, 350, 196 S.E. 333, 335 (1938).

Decisions in accord with *In re Messinger, supra,* and *Smith v. Metropolitan Life Ins. Co., supra,* based on statutes similar to G.S. 58-206 in that they exempt the "proceeds" or "avails" of life insurance policies, include the following: *In re Beckman,* 50 F. Supp. 339 (N.D. Ala. 1943); *In re White,* 185 F. Supp. 609 (N.D. W.Va. 1960); *Klebanoff v. Mutual Life Insurance Co.,* 246 F. Supp. 935 (D. Conn. 1965); *In re Summers,* 253 F. Supp.

113, 116 (N.D. Ind. 1966), and cases there cited; *In re Lamb,* 272 F. Supp. 393, 396 (E.D. La. 1967).

As stated in *In re White, supra* at 613; "Since the leading case of *Holden v. Stratton, supra,* there have been a host of cases construing statutes of various states and unanimously holding that the words 'proceeds' or 'proceeds and avails' when used in life insurance exemption statutes comprehend the protection of cash surrender values and other values built up during the life of the policies as well as the death benefits."

Although we are presently concerned only with policies in which the wife of the insured (bankrupt) is the name beneficiary, the protection afforded by G.S. 58-206 is not limited to any particular class of beneficiaries. It relates to a policy on the life of the insured payable to any third party beneficiary. Under an Alabama statute substantially the same as G.S. 58-206, it was held that the trustee in bankruptcy was not entitled to the cash surrender value of a policy in which the beneficiaries were the uncle and an aunt by marriage of the insured (bankrupt). *In re Beckman,* 50 F. Supp. 339 (N.D. Ala. 1943). Too, under the 1927 New York statute considered in *In re Messinger, supra,* where the mother and sister of the insured (bankrupt) were the beneficiaries of policies assigned within four months of bankruptcy to a creditor of the insured, the cash surrender value ("avails") realized by the creditor assignee was held exempt from the claims of the trustee in bankruptcy. *In re Rubin,* 29 F. Supp. 416 (S.D. N.Y. 1939). Also, see *In re Hausman,* 209 F. Supp. 219 (M.D. Ga. 1962).

Unquestionably, under G.S. 58-206, considered alone, the "proceeds and avails," including the cash surrender value, of a policy in which the wife is named as beneficiary, are exempt from the claims of the trustee in bankruptcy, "whether or not the right to change the beneficiary is reserved or permitted."

The 1931 statute (G.S. 58-206) was in force and effect from its ratification on March 23, 1931. The amendment to Section 7 of Article X did not become effective until approved by the electorate in the General Election held November, 1932. The obvious purpose of the 1932 amendment was to enlarge rather than to restrict the rights of the wife and children of the insured. As stated in the caption of Chapter 262, Public Laws of 1931, the amendment was submitted by the General Assembly "To PROTECT INSURANCE FOR WIVES AND CHILDREN FROM CREDITORS DURING LIFE OF INSURED."

When *Whiting v. Squires, supra,* was decided, Section 7 of Article X provided that "(t)he husband may insure his own life for the sole use and benefit of his wife and children, *and in case of the death of the husband* the amount thus insured shall be paid over to the wife and children, or to the guardian, if under age, for her or their own use, free from all the claims of the representatives of her husband, or any of his creditors." (Our italics.)

The exemption provided by Section 7 of Article X is separate from and in addition to exemptions provided in other sections of Article X. Section 7 of Article X *applies only to one factual situation,* namely, where a husband insures his own life for the benefit of his wife and children. In our view, *Wharton v. Taylor, supra,* has no application to the question under consideration.

[3] "(U)nder our Constitution, the General Assembly, so far as that instrument is concerned, is possessed of full legislative powers unless restrained by express constitutional provision or necessary implication therefrom." *Thomas v. Sanderlin,* 173 N.C. 329, 332, 91 S.E. 1028, 1029. Absent such constitutional restraint, questions as to public policy are for legislative determination. *Reid v. R.R.,* 162 N.C. 355, 358, 78 S.E. 306, 307.

The General Assembly, at the same session, adopted the statute and submitted the constitutional amendment. The constitutional amendment was adopted for the express purpose of protecting insurance for wives and children from creditors during the life of the insured. In our view, the intent of the General Assembly and of the electorate would be thwarted if the constitutional amendment were construed as providing a lesser benefit than that provided by the statute for the "wife and/or children."

[4] As stated by Justice (later Chief Justice) Barnhill in *Perry v. Stancil,* 237 N.C. 442, 444, 75 S.E. 2d 512, 514: "Constitutional provisions should be construed in consonance with the objects and purposes in contemplation at the time of their adoption. To ascertain the intent of those by whom the language was used, we must consider the conditions as they then existed and the purpose sought to be accomplished."

[5] We conclude that insurance is "for the sole use and benefit of the wife and/or children" within the meaning of the 1932 amendment when the "wife and/or children" are the only

---

persons named as beneficiaries; and that, so long as they remain the only persons named as beneficiaries, the policy, including the cash surrender value thereof, is not subject to the claims of the insured's creditors during his lifetime. See Note, 45 N.C.L.Rev. 696, 700 (1967).

Under any other interpretation, the 1932 constitutional amendment to Section 7 of Article X would be devoid of meaning; for, if the right to change the beneficiary is not reserved, the beneficiary has a vested interest and the policy, including the cash surrender value, is not subject to the claims of creditors without regard to G.S. 58-206 or the 1932 amendment to Section 7 of Article X. Manifestly, neither the General Assembly nor the electorate intended or contemplated such an absurd result. *King v. Baldwin,* 276 N.C. 316, 325, 172 S.E. 2d 12, 18.

There is no contention or suggestion that anything was done by the insured (bankrupt) relating to the policies under consideration with intent to defraud his creditors.

For the reasons stated, the judgment of the court below is affirmed.

Affirmed.